■ JULES HAHN, Respondent, v ALLEN C. WYLIE et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered June 10, 1976, confirming the report of the Referee, appointing coreceivers and specifying their powers and duties, and setting the fee of the Referee at $5,000, unanimously modified, on the law and the facts, without costs and disbursements, to the extent of vacating the appointment of plaintiff as coreceiver and to delete the provision that the receivership is pursuant to articles 12 and 13 of the Business Corporation Law, and, as so modified, affirmed. "Receivers may be classified as equity receivers or statutory receivers. The distinction between an equity receiver and a statutory re- ceiver is that the former is merely a custodian of the property consigned to his custody, to which he has no title, whereas the statutory receiver has such power and authority as the statute under which he is created gives him, which statute may provide for the vesting of title to property in the receiver, as in the case of the permanent receiver of a corporation" (49 NY Jur, Receivers, § 3). Patently, on this record, the statutory criteria under the Business Corporation Law for the appointment of a receiver are not met. However, it is equally clear that the power of appointing a receiver, *pendente lite,* is incidental to the jurisdiction of a court of equity. CPLR 6401 (subd [a]) provides in pertinent part that "Upon motion of a person having an *apparent* interest in property which is the subject of an action in the supreme * * * court, a temporary receiver of the property may be appointed * * * where there is danger that the property will be removed from the state, or lost, materially injured or destroyed." (Emphasis sup-

plied.) On this record the acts alleged, together with proof adduced, sufficiently support Special Term's determination to appoint a receiver. Nevertheless, the appointment of plaintiff as coreceiver is not warranted. "Normally, a receiver must be a completely impartial person" (7A Weinstein-Korn-Miller, NY Civ Prac, par 6401.04). The circumstances herein do not require departure from this salutary standard. As receivership pending determination of an action is a conservation and preservation remedy resting in the sound discretion of the court, the appointing of the receiver herein does not constitute an adjudication on the merits or law of the case. Rather, the issues must be tried to the same extent as though no receivership had been applied for. Finally, it is noted that the parties refer in their briefs to a first action brought on behalf of Han & Lee, Inc., and I. S. Oriental Goods, Inc., against parties who are also defendants in this action brought by Jules Hahn. The corporate plaintiffs in the first action are also named as defendants in this second action. Plaintiff's attorney apparently represents the corporate plaintiffs in the first action, and the defendants-appellants in their reply brief assert that a motion by them is pending in the Supreme Court to disqualify the attorney for plaintiff in this action and also as attorney for the corporate plaintiffs in the first action. The disposition of this appeal is without prejudice to consideration and determination of said motion. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Nunez, JJ.