■ ARTHUR PURO, Respondent, v LOUIS PURO, Appellant, et al., Defendant.—Order of the Supreme Court, New York County (Eugene Nardelli, J.), entered on or about November 2, 1989, which, *inter alia,* granted plaintiff's motion for the appointment of a receiver over the affairs of the corporation, unanimously modified on the law, the facts and in the exercise of discretion by deleting that portion, incorporated by reference from the decision dated November 2, 1989, appointing plaintiff as receiver, and otherwise affirmed, with costs.

CPLR 6401 (a) provides in pertinent part that, "Upon motion of a person having an apparent interest in property which is the subject of an action in the supreme or a county court, a temporary receiver of the property may be appointed * * * where there is danger that the property will be removed from the state, or lost, materially injured or destroyed." On this record, the acts alleged, together with the proof adduced, sufficiently support the court's determination to appoint a receiver. Nevertheless, the appointment of plaintiff as receiver is not warranted, where, as in this case, the defendant has raised issues regarding possible self-interest by the plaintiff and with respect to plaintiff's ability to act impartially and in the best interests of the corporation.

As stated by this court in *Hahn v Wylie* (54 AD2d 622, 623), " 'Normally, a receiver must be a completely impartial person' (7A Weinstein-Korn-Miller, NY Civ Prac, par 6401.04). The circumstances herein do not require departure from this salutary standard."

We find the parties' remaining arguments to be without merit. Concur—Murphy, P. J., Milonas, Kassal and Wallach, JJ.