UNITED CHELSEA NATIONAL BANK, Respondent, v RUMICAN 190 CORPORATION, Appellant, et al., Defendants. [643 NYS2d 586]

Since a receiver had been appointed and a judgment of foreclosure and sale previously entered, without any appeal having been taken, and since the mortgage provided for an ex parte appointment of a receiver, the appointment of a second receiver after the bankruptcy court lifted the automatic stay was proper (*see*, RPAPL 1325 [1]; Real Property Law § 254 [10]; *State St. Bank v Broadway/ St. Nicholas Assocs.*, 214 AD2d 474). This exercise of discretion was particularly appropriate given the entry of a consent order with the Department of Housing Preservation and Development to repair 596 building code violations, constituting clear evidence of waste and mismanagement (*see*, CPLR art 64; *Hahn v Wylie*, 54 AD2d 622). We have considered defendant-appellant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Nardelli and Tom, JJ.