■ JOHN A. TWEITMANN, JR., Respondent, v RONALD B. LAMPMAN et al., Appellants, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered December 27, 1976 in Tompkins County, which denied a motion to vacate an order of receivership. Appellants purchased a restaurant and tavern and adjoining lands from plaintiff and as part of the purchase price gave plaintiff a mortgage on the premises. As a result of appellants' alleged defaults in the payment of monthly installments on the mortgage and their alleged failure to pay town and county taxes, plaintiff commenced an action for foreclosure. Appellants do not contest these claims but allege that it was the intentional action of the plaintiff and others which caused appellants' default. The mortgage provides that in any foreclosure action the mortgagee shall be entitled to the appointment of a receiver, without notice. It also provides that the mortgagee could enter the premises and take possession if in his opinion particular

specified circumstances existed, one of which was the mortgagors "intentionally substantially reducing the extent of operation" of the restaurant and restaurant business. If the mortgagors disagreed with the mortgagee's determination concerning the existence of any of these conditions, the mortgage provides for submission to the appropriate court for adjudication, determination and disposition. An order was granted *ex parte* appointing plaintiff receiver and ordering surrender of possession to the receiver. This order was based on plaintiff's summons and complaint and on an affidavit of plaintiff's attorney which alleged, *inter alia,* that appellants had substantially cut their hours of business to a 4:00 P.M. to 1:00 A.M. operation and were closing one entire day (Monday) each week. The affidavit further stated that plaintiff had previously operated the business from 9:00 A.M. to 1:00 A.M. and had stayed open seven days a week except for closings on Sundays during July and August. Appellants moved for an order to vacate the order of receiver and by affidavits specifically denied most of plaintiff's allegations. Concerning the cut in hours, however, appellants admitted to reducing their hours, but claimed this was done on advice of their accountant in order to increase profits. Special Term denied appellants' motion and this appeal ensued. On this appeal appellants, relying upon *Holmes v Gravenhorst* (263 NY 148), contend that they were entitled to retain possession as mortgagors since the receiver did not acquire that right prior to judgment and sale. In that case, however, the court excepted from the rule that a mortgagee has no right of possession by virtue of a mortgage pending its foreclosure, those cases where the right "grows out of facts extrinsic to the mortgage contract or where there is a clause in the mortgage expressly giving him that right." *(Holmes v Gravenhorst, supra,* p 153). In the present case the mortgage itself provides for repossession if the mortgagors are intentionally substantially reducing the extent of operation of the restaurant business. Appellants have admitted substantially reducing the hours of business. Under this specific provision of the mortgage, appellants' motive for reducing the hours of business is irrelevant. Consequently, plaintiff's right to repossession was expressly provided for in the mortgage and the motion to vacate the order for receiver was properly denied. Since there is no specific requirement in the mortgage that a hearing be held and appellants had the opportunity to contest the matter in the appropriate court on the motion to vacate the order of receivership, we reject appellants' contention that they were entitled to a hearing. The order, therefore, must be affirmed. Order affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Main and Mikoll, JJ., concur.