Louis F. Mentz, Appellant, v. Efficient Building Corporation and Others, Defendants; Arville M. Turner and Edward Turner, as Receiver, Respondents.*— Order vacating appointment of receiver and order denying plaintiff's motion to require receiver to account and pay over affirmed, with ten dollars costs and disbursements, upon the ground that the court had no power to extend the receivership in view of the fact that no action had been commenced by this plaintiff. Lazansky, P. J., Young and Hagarty, JJ., concur; Kapper and Scudder, JJ., dissent and vote to reverse, with the following memorandum: Mentz had a right in his action to a receiver without notice, and his utilization of the order obtained by Arville M. Turner had for its legal effect nothing more than to fix the date of his receivership. He could have had an independent receiver without making Arville M. Turner a party, in which case the question of the rents would be one between him and the owner of the equity. It would be otherwise were Arville M. Turner's mortgage paramount to Mentz's mortgage, and a determination of that issue should await the outcome of the action now pending against her brought by the Dorland Realty Corporation, the purchaser under Mentz's foreclosure.

Monogram Development Co., Inc., Respondent, v. Natben Construction Co., Inc., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ.

The Mount Vernon Trust Company, Respondent, v. William H. Conant and Gertrude B. Conant, Appellants.— Order and judgment of the County Court of Westchester county unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ.

Munch Brewery, Inc., Appellant, v. Brooklyn Beverage Dealers Association, Inc., and V. Loewer's Gambrinus Brewery Company, Respondents.— Order affirmed, with ten dollars costs and disbursements. The denial of the motion was proper. A granting of the motion would have been a violation of the rule that one Special Term justice may not exercise appellate jurisdiction over another justice of co-ordinate jurisdiction. The anomalous situation herein, however, requires that this case be placed at the head of the Special Term calendar five days after the entry of the order herein, subject to the approval of the justice presiding. Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ., concur.

Mary Neenan, Respondent, v. Woodside Astoria· Transportation Co., Inc., Defendant, and John J. Huppmann, Appellant.— Judgment unanimously affirmed, without costs. On this record there is no question presented as to the right of contribution between the defendants. If there is any basis for the claim of defendant Huppmann that he is not liable in contribution the question should be presented on a motion or in a separate action. As the plaintiff is not appearing on this appeal, the judgment should be affirmed, without costs. Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ., concur.