Abraham J. Gellinoff, J.
This is a motion by defendants mortgagors to vacate an order of this court, which, upon ex parte application by plaintiff mortgagee, appointed a receiver for the subject property during the pendency of this action to foreclose the mortgage.
The challenged order, entered August 29, 1975, was made after consideration by the court of the allegations of the complaint and of an affidavit by counsel for plaintiff. The complaint alleges the existence of the mortgage and note, of which plaintiff is owner and holder. It further alleges:
"That the defendants have failed to comply with the conditions of the said Note and Mortgage by omitting to pay the installment of $50,000.00, applicable to principal, which became due on July 1, 1975 and a similar sum of $50,000.00, which became due and payable on August 1, 1975 and by *830 omitting to pay the interest due on July 1, 1975 in the amount of $112,437.50 and a like sum due on August 1, 1975.
"That the defendants have also omitted to make real estate tax payments; also rental payments and real estate tax equivalency payments, as the same became due * * * the timely making of [such] * * * payments being an obligation of the Mortgagor, pursuant to the aforesaid Mortgage. That the default by the defendant as described in this Paragraph, is in the amount of $928,781.76.” The accompanying affidavit also urged that pursuant to the terms of the mortgage, plaintiff was authorized, in an action to foreclose the mortgage, to seek the appointment of a receiver during the pendency of the action without notice. The court thereupon granted the application, directing the posting of a bond in the sum of $3,063,-000. The court notes, parenthetically, that the receiver has already entered upon his duties, with the co-operation of defendants and the tenants, although this, of course, in no way estops defendants from asserting their rights.
On this motion, defendants offer no challenge to the plaintiff’s allegation that there has been a default under the mortgage. Nonetheless, they contend that the failure to move on notice for the appointment of the receiver violated New York statutory law, and Federal constitutional law, thereby voiding the ex parte order.
Defendants first assert that the application violated CPLR 6401 (subd [a]), which provides that: "Upon motion of a person having an apparent interest in property which is the subject of an action in the supreme or a county court, a temporary receiver of the property may be appointed” (emphasis added). It is unclear whether such "motion” must be on notice or may be ex parte (see Practice Commentary to CPLR 6401 in McKinney’s Cons. Laws of NY, Book 7B: "subdivision (a) seems to present certain difficulties with respect to notice requirements”). But, in any event, the general rule enunciated in CPLR 6401 is inapplicable where, as here, there is a specific rule, provided in subdivision 1 of section 1325 of the Real Property Actions and Proceedings Law, declaring that: "Where the action is for the foreclosure of a mortgage providing that a receiver may be appointed without notice, notice of a motion for such appointment shall not be required.”
And the mortgage here, in plain language, provides that a receiver may be appointed without notice: "16. That Mortgagee, in any action to foreclose this Mortgage, shall be entitled, *831 without notice or demand and without regard to the adequacy of any security for the indebtedness secured hereby or the solvency or insolvency of any person liable for the payment thereof, to the appointment of a receiver of the rents, issues and profits of the Mortgaged Premises” (cf. Mandel v Nero, 52 Misc 2d 604, where an ex parte order was upheld although the mortgage merely provided for the appointment of a receiver, omitting the words, "without notice”). In light of the language of the mortgage agreement, the ex parte order is valid under the New York law applicable to this case.
Defendants, however, assert that, by virtue of the Supreme Court’s decision in Fuentes v Shevin (407 US 67) and its progeny (see Mitchell v W T Grant Co., 416 US 600 [1974]; North Georgia Finishing v Di-Chem, Inc., 419 US 601), the ex parte order, even if valid under State law, constitutes a taking of property without due process of law, in violation of Federal constitutional requirements (US Const 5th and 14th Arndts).
In Fuentes, the court invalidated Florida and Pennsylvania statutes which permitted ex parte orders of replevin, as a provisional remedy, upon application to a clerk of the court, and the posting of a bond, without any opportunity for judicial scrutiny of the claim, or any opportunity for the possessor of the property to litigate the right to possession except in the ultimate trial of the action. The court held (pp 96-97) that these provisions "work a deprivation of property without due process of law insofar as they deny the right to a prior opportunity to be heard before chattels are taken from their possessor. * * * '[D]ue process is afforded only by the kinds of "notice” and "hearing” that are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property’ ”. The court recognized the existence of various exceptions to this general rule, including one upon which plaintiff here relies: waiver.
Fuentes involved replevin in an action to repossess consumer goods sold on a conditional sale contract providing the seller with the right to "repossess.” The court, citing its recent decision in Overmyer Co. v Frick Co. (405 US 174), expressly recognized that, in an appropriate case, the right to notice could be contractually waived (pp 94-95). But it found that, in the case before it, the contract was one of adhesion, between parties of disparate bargaining power and understanding, and that the waiver was not made known to the buyer and was *832 contained in fine print. Moreover, it found the language of the "waiver” before it too ambiguous to be enforced.
In the instant case, however, the undisputed facts are entirely different, and, indeed, they closely parallel those of Overmyer (supra), where the court found a valid contractual waiver of notice. Like Overmyer, and unlike Fuentes, the parties waiving notice here were experienced and sophisticated business operators (see, in this connection, Plaza Hotel Assocs. v Wellington Assocs., 46 AD2d 642, affd 37 NY2d 273). In fact, in the instant case, defendants’ principals are two of the most successful real estate owners and managers in New York City. Also, the waiver was plainly stated in the custom tailored typewritten agreement, the parties were of relatively equal bargaining power, and both were represented by eminent counsel during negotiations of the mortgage agreement. Upon these facts, the court must conclude that defendants "voluntarily, intelligently, and knowingly waived the rights [they] otherwise possessed to * * * notice and hearing, and that [they] did so with full awareness of the legal consequences” (Overmyer Co. v Frick Co., 405 US 174, 187, supra).
These facts serve to distinguish not only Fuentes, but also the other cases relied upon by defendants. Thus in North Georgia Finishing v Di-Chem, Inc. (419 US 601, supra) the court rejected the argument that the reasoning of Fuentes was never applicable between parties of equal bargaining power; but that argument had been addressed to the validity of a garnishment statute, and the case did not involve a claim of waiver by contract. In Turner v Blackburn (389 F Supp 1250, 1251), the District Court concluded that a mortgage agreement between a bank and "a widowed domestic worker” was a contract of adhesion, that the waiver was printed in "minute” type, and that the language of the waiver was too ambiguous to be enforced. And in Cedar Rapids Eng. Co. v Haenelt (39 AD2d 275), the Appellate Division found only that the waiver there at issue was insufficiently proven.
In reply papers, defendants for the first time assert that the waiver of notice contained in the mortgage agreement is not effective because the mortgage agreement was entered into prior to the Fuentes decision and that, therefore, defendants purport in the agreement to waive a right they did not then possess. The simple answer to this argument is Fuentes itself, where the court declared (407 US 67, 82, supra) its holding to be "no new principle of constitutional law”. In any event, by *833 waiving notice, defendants acknowledged that they knew they were waiving a right they might possess, whether under New York law or Federal law.
The court accordingly concludes that the ex parte order, entered pursuant to the voluntary, intelligent and knowing waiver of notice contained in the mortgage agreement, is valid, and not in violation of defendants’ Federal constitutional rights.
Two minor assertions by defendants ought also be considered. First, it is contended that inasmuch as the mortgage at issue is a second mortgage, this action, and the appointment of the receiver, affect the rights of the superior mortgagee without prior notice to it. During the oral argument of this motion, this contention wás withdrawn. Besides, it appears that the action and the appointment of the receiver are with the knowledge and co-operation of the senior creditor.
Finally, defendants contend that the waiver provision in the mortgage agreement is not effective, since, at the time of the ex parte order, the action for foreclosure had not yet been commenced. The papers submitted sufficiently prove that an action had in fact been commenced, and that defendants have been served with the summons and complaint in accordance with law.
The motion to vacate the order appointing the receiver is denied.