■ HENRY H. GROBE, Respondent, v THREE VILLAGE HERALD et al., Appellants.—In a libel action, defendants appeal from so much of an order of the Supreme Court, Suffolk County, dated April 4, 1977, as granted the branches of plaintiff's motion which sought the striking of various portions of the amended answer. Order reversed, insofar as appealed from, with $50 costs and disbursements, and the said branches of the motion are denied. We find that paragraphs 8 through 28 and 31 of the first affirmative defense, and the entire third affirmative defense, which contain background information leading up to the printing of the allegedly libelous article, are relevant to the defense of qualified privilege. Furthermore, paragraph 38 and part of paragraph 39 of the fourth affirmative defense, and the entire second affirmative defense, which contain allegations seeking to establish the plaintiff as a public figure, cannot be stricken as a matter of law upon the pleadings herein. Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ LEO HIATRIDES, Respondent, v GEORGE P. TOBLER et al., Appellants.— In an action, *inter alia,* on a promissory note, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated June 23, 1977, as granted plaintiff-respondent's motion for the appointment of a temporary receiver pursuant to CPLR 6401. Order affirmed, insofar as appealed from, with $50 costs and disbursements. Special Term did not abuse its discretion in appointing the receiver (see 7A Weinstein-Korn-Miller, NY Civ Prac, par 6401.05). The appointment of the receiver with the supervision of the court, upon advance notice and opportunity to be heard, and the requirement of the posting of a bond, did not deny defendant due process of law (see *Mitchell v W. T. Grant Co.,* 416 US 600). Gulotta, P. J., Hopkins, Latham and Mollen, JJ., concur.