OPINION OF THE COURT
Andrew J. Di Paola, J.
Upon the foregoing papers it is ordered that this motion (brought by order to show cause) for an order vacating the prior order of this court dated November 17, 1978, upon the ground that the ex parte order appointing a receiver without notice in the mortgage foreclosure action violates New York law and due process under the Federal Constitution, is denied.
Cross motion by plaintiff for an order punishing for contempt of court individually and as copartners, each of the *821 partners doing business as Paradise Manor Home for Adults and Gerax Realty Associates, for failure to comply with the prior order of this court dated November 17, 1978, including their failure to turn over to the receiver the books and records of Paradise Hotel, is denied without prejudice to renewal upon proper papers.
The mortgage dated March 12, 1974 between Gerax Realty Corp. (mortgagor) and Samuel Friedman, Margit Friedman, Louis Friedman and Pearl Hamel Friedman (mortgagees) provides as follows: "That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.”
Since the mortgage provides for the appointment of a receiver, the mortgage under subdivision 10 of section 254 of the Real Property Law is considered as providing for the appointment of a receiver without notice. (Wolf v 120 Middleton Realty Corp., 31 Misc 2d 668.) That statute provides as follows: where the action is for foreclosure of a mortgage providing that a receiver may be appointed without notice, notice of motion for such appointment shall not be required. Thus, the prior ex parte order was not in violation of New York law. (Mandel v Nero, 52 Misc 2d 604; Ardeb Realty Corp. v East Estates, 12 Misc 2d 167; Klee v Crossways Apts. Corp., 228 App Div 668; Jarmulowsky v Rosenbloom, 125 App Div 542.)
While it is true that United States Supreme Court has invalidated State statutes permitting ex parte orders in replevin cases as a violation of due process (see Fuentes v Shevin, 407 US 67; North Georgia Finishing v Di-Chem Inc., 419 US 601), there is no violation of due process where the appointment of the receiver is based upon sworn ex parte documents under judicial supervision and followed by an early opportunity by debtor to put the creditor to his test. (See Mitchell v Grant Co., 416 US 600; Garner v Tri-State Dev. Co., 382 F Supp 377.)
Here, this court holds that the statutes are not violative of the due process rights of defendants. The appointment of the receiver, while ex parte, is under judicial supervision and, in this case, was supported by an affidavit of one of the plaintiffs, in addition to the verified complaint and supporting documents thereof including a copy of the mortgage and note. A bond in the sum of $312,000 was required to be filed. CPLR 6405 and 6401 (subd [b]) enable an aggrieved party to immediately move to vacate the receivership and to limit his powers *822 (Security Nat. Bank v Village Mall at Hillcrest, 79 Misc 2d 1060), and this court has the power to deny the appointment if it is not supported to our satisfaction, and to limit his powers or to vacate the appointment with the opportunity for the mortgagor and mortgagee to be heard as to the validity of the underlying claim. (See Tweitmann v Lampman, 60 AD2d 667; Ardeb Realty Corp. v East Estates, supra; cf Long Is. Trust Co. v Porta Aluminum Corp., 44 AD2d 118; Security Nat. Bank v Village Mall at Hillcrest, supra.)
Accordingly, this court holds that in view of the fact that the ex parte appointment is under judicial supervision and that the law provides for an opportunity to an aggrieved party for an immediate hearing on the validity or probable validity of the underlying claim, these statutes are not unconstitutional. (See Massachusetts Mut. Life Ins. Co. v Avon Assoc., 83 Misc 2d 829; Mandel v Nero, supra; City Partners, Ltd. BMG v Jamaica Sav. Bank, Supreme Ct, Nassau County, Sullivan, J., Index No. 13936/78; Union Dime Sav. Bank v 522 Deauville Assoc., Supreme Ct, Nassau County, Lynde, J., April 27, 1977.)
With respect to plaintiffs’ cross motion, the movant failed to have typewritten or printed on the face of the motion papers, as required by section 756 of the Judiciary Law (L 1977, ch 437) in reference to motion to punish for contempt, the following: “warning: Your Failure to Appear in Court May Result in Your Immediate Arrest and Imprisonment for Contempt of Court.”