■ MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent, v ED-WARD H. COTTRELL et al., Appellants, et al., Defendants. (Appeal No. 1.) — Order unanimously affirmed, without costs. Memorandum: Defendants in an action to foreclose a mortgage appeal from an order denying their motion to vacate the appointment of a Receiver and also from the order appointing the Receiver. The mortgage in foreclosure is a consolidation of two instruments (dated Aug. 30, 1971 and March 14, 1975) covering two separate properties, one consisting of approximately 783 acres of vacant land in the Town of Lancaster and the other being a small shopping plaza containing an automobile dealership in the Town of West Seneca. (With respect to the West Seneca property, the instrument constitutes a second mortgage. The first mortgage on the West Seneca property is also held by plaintiff.) By terms of the mortgage in foreclosure, the mortgagee may immediately, after a default, "upon a complaint filed, or any other proper legal proceedings being commenced for the foreclosure of this mortgage, apply for, and shall be entitled as a matter of right, without consideration of the value of the mortgaged premises as security for the indebtedness due the Mortgagee, or of the solvency of any person or persons liable for the payment of such indebtedness, and without notice, to the appointment by any competent court or tribunal, of a receiver of the rents and profits of the said premises." The foreclosure action, which was commenced as to both properties in August, 1978, was at the time of the appointment and is still pending. The record demonstrates that defendants have defaulted in payments of principal and interest on the secured indebtedness and in the payment of taxes. The defendants, even if it be assumed that the March 3, 1976 agreement is effective, are in default in the payment of interest due thereunder. Plaintiff had a right, therefore, to apply to the court without notice for the appointment of a Receiver (see Real Property Law, § 254, subd 10; see, also, *Febbraro v Febbraro,* 70 AD2d 584; *Mancuso v Kambourelis,* 72 AD2d 636). We find no abuse of the court's discretion in appointing a Receiver. Defendants argue that the order of appointment prohibits the Receiver from using any portion of the rents and profits that may be available ·for the purpose of making payments on the first mortgage held by plaintiff on the West Seneca property. The mortgage contains no specific prohibition against first mortgage payments by the Receiver but, if so construed, the order would be anomalous and also unfair since the prohibition against such payments contained in the order obtained by plaintiff in foreclosing its second mortgage on the West Seneca property could have the effect of putting the defendants in default to plaintiff under the first mortgage on that property. Accordingly, we, in the exercise of our discretion, modify the fifth ordering paragraph of the order in Appeal No. 2, entered June 19, 1980 by adding at the end thereof after the words "as may be necessary" the following: and, after making such payments for the foregoing purposes as may be required, said Receiver be and hereby is authorized to make from the balance of the rents and profits received payments due under·the first mortgage covering the West Seneca property held by plaintiff. We also, in our discretion, modify the fifth ordering paragraph by adding after the first clause thereof the

following: except that the Receiver may enter into lease or rental agreements for periods in excess of one year by giving written notice to plaintiff and defendants and upon obtaining court approval. (Appeal from order of Erie County Court — foreclosure — receiver.) Present — Hancock, Jr., J. P., Doerr, Denman and Schnepp, JJ.