■ FAIRMONT ASSOCIATES, Respondent, v FAIRMONT ESTATES et al., Appellants, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered July 22, 1983 in Ulster County, which, *inter alia,* granted plaintiff's motion to enjoin defendants from appointing a receiver and dismissed defendants' counterclaim for foreclosure of a mortgage. On November 30, 1982, plaintiff Fairmont Associates purchased real property known as Fairmont Estates, composed of 74 garden apartment units located in the City of Kingston from defendant Fairmont Estates, a New Jersey limited partnership of which codefendant James A. Geller is the sole general partner. At the time of sale, Fairmont Estates took back a purchase-money first mortgage in the sum of $1,000,000, payable over a 12-month period at varying rates of interest. The instant controversy involves the April, 1983 mortgage payment. On March 31, 1983, plaintiff mailed a check for that installment. Fairmont Estates mailed a notice of default on April 4, 1983 because it had not received the payment. When the check arrived on April 6, defendants promptly deposited it. Thereafter, on April 13, 1983, defendants were advised that the check was being returned by their bank for insufficient funds. That same day, defendants posted a letter advising plaintiff of the default and of their intention to accelerate the debt. On April 15, 1983, plaintiff learned for the first time from a third party that its check had bounced. Plaintiff immediately offered, by both telegram and letter, to send another check. On April 18, 1983, an official bank check for the full amount of the monthly payment was delivered to defendants. That same day, plaintiff received defendants' April 13, 1983 notice purporting to accelerate the mortgage. Defendants refused to accept plaintiff's replacement check or waive default. Plaintiff commenced the instant action seeking a declaration that the mortgage is in good standing, and enjoining defendants from instituting a foreclosure action. Defendants counterclaimed for foreclosure of the mortgage, and plaintiff moved for an order enjoining defendants from moving to appoint a receiver. Defendants thereafter moved for appointment of a temporary receiver. Special Term granted plaintiff's motion to enjoin the appointment of a receiver, denied defendants' motion seeking such an appointment, and dismissed defendants' counterclaim seeking foreclosure. This appeal by defendants ensued. There should be an affirmance. Pursuant to the terms of the mortgage agreement, default in the payment of any regular installment constitutes an "Event of Default". Upon the mortgagor's failure to cure such default within five days after written notice, the mortgagee is entitled to accelerate the entire outstanding indebtedness. Defendants argue that when plaintiff's payment check received April 6, 1983 subsequently bounced, an event of default occurred activating defendants' right to accelerate the balance due and appoint a receiver. Relying principally on *Graf v Hope Bldg. Corp.* (254 NY 1), defendants urge that Special Term had no authority to excuse the default. We disagree. In *Karas v Wasserman* (91 AD2d 812), this court recently observed a trend evolving in case law to adopt "the reasoning of Chief Cardozo's dissenting position in *Graf* (254 NY 1, 8-15, *supra*) that the equitable remedy of foreclosure may be denied in the case of an

inadvertent, inconsequential default in order to prevent unconscionably over-reaching conduct by a mortgagee" (id.). So it is here that Special Term was not bound to strictly enforce the acceleration clause in the mortgage agreement and was authorized to review the circumstances attending the tardy payment. A review of the record shows that the breach was occasioned by an inadvertent clerical error on the part of either plaintiff or its bank; that plaintiff tendered full payment of the installment due immediately upon discovery of the problem; that the actual period of delay was relatively brief; that acceleration of the debt would work a substantial hardship; and that defendants offered no true opportunity for plaintiff to remedy the inadvertent error and were all too anxious to exercise their acceleration rights. These circumstances prevailing, we cannot say that Special Term abused its equitable authority in excusing the default. Similarly, Special Term properly denied defendants' motion for the appointment of a receiver. While a provision in the mortgage agreement authorized the appointment of a receiver without notice and without regard to the adequacy of the security (Real Property Law, § 254, subd 10), a court of equity, acting in its discretion and under appropriate circumstances, may still deny the application for such an appointment (see Mancuso v Kambourelis, 72 AD2d 636, 637; Home Tit. Ins. Co. v Scherman Holding Corp., 240 App Div 851; 15 Carmody-Wait 2d, NY Prac, § 92:476, pp 439-440; 1 Klein, New York Mortgages & Mortgage Foreclosure [rev ed], § 3:9). Inasmuch as the default herein was inadvertent, plaintiff demonstrated good faith in promptly tendering full payment of the amount due, and defendant has not been unduly prejudiced, it is readily apparent that the appointment of a receiver would serve no useful purpose and was properly refused. Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.