■ CROSSLAND SAVINGS, FSB, Respondent, v LoGUIDICE-CHATWAL REAL ESTATE INVESTMENTS Co. et al., Appellants, et al., Defendants. LoGUIDICE-CHATWAL REAL ESTATE INVESTMENTS Co. et al., Counterclaim Plaintiffs-Appellants, v CROSSLAND SAVINGS, FSB, Counterclaim Defendant-Respondent.— Order, Supreme Court, New York County (Diane Lebedeff, J.), entered October 6, 1989, which granted plaintiff's motion for reinstatement of a receiver for real property, unanimously

affirmed, with costs and disbursements. The appeal from the order of the same court and Justice entered October 26, 1989, which denied reargument, dismissed as not appealable, without costs or disbursements.

In this mortgage foreclosure action, the plaintiff mortgagee bank originally obtained an ex parte order appointing a receiver, pursuant to the provisions of the mortgage. That provision, which in effect adopts the language of Real Property Law § 254 (10), authorizes the appointment without notice and without regard to the adequacy of any security. Subsequently, the parties arranged to suspend the appointment, but without prejudice to their respective rights.

In reinstating the receiver on plaintiff's application, the court did not transgress the standards of CPLR 6401 (a). As previously noted, the mortgage authorizes the appointment without regard to the adequacy of the security, and it is undisputed that the defendant mortgagor defaulted in both interest and principal. *(Manufacturers & Traders Trust Co. v Cottrell,* 80 AD2d 744.) Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.