OPINION OF THE COURT
Martin B. Stecher, J.
This ex parte application for the appointment of a receiver in a mortgage foreclosure action is denied with leave to renew.
In order for the mortgagee to receive such relief it must *570 show that there has been a default (Fairmont Assocs. v Fairmont Estates, 99 AD2d 895, lv denied 62 NY2d 602); and as the application is made ex parte (RPAPL 1325), no general allegation of a default will be assumed to be true. There must be some proof in the form of an affidavit of a person with knowledge, or a complaint verified by a person with knowledge (see, Society Milion Athena v National Bank, 169 Misc 882, affd 256 App Div 804, mod on other grounds 281 NY 282).
Here the affidavit (made by the attorney) and the complaint contain substantially the same allegation of default: they allege a failure to make payments of interest and principal which became due and payable and the lapse of 10 days during which default continued. The documents fail to inform the court — and the defendant — of any detail of default; when it was payable, where, in what amount. Such proof is necessary.
There is a further ground for denial: no receiver is to be appointed under this statute until an action has been commenced (RPAPL 1325 [1]; Mentz v Efficient Bldg. Corp., 145 Misc 505, affd 234 App Div 797, affd 258 NY 616; Wolf v 120 Middleton Realty Corp., 31 Misc 2d 668, 669).
A Second Department case Clinton Capital Corp. v One Tiffany Place Developers (112 AD2d 911) has held that an action is adequately commenced for the purposes of an ex parte receivership application when the summons has been served on any holder of a lien on the property, no matter how miniscule in amount; and this court, despite its doubts, is constrained to follow that ruling. But the defendant must indeed be a real defendant having a real or at least apparent interest to be cut off. Here, the action was commenced by service on the State of New York, but the complaint merely alleges that the State is a party "because of possible unpaid * * * taxes due” from the mortgagee (emphasis supplied).
Just as "service” on an illusory defendant will not serve to commence an action, neither will service on a "party” not shown to hold an interest in controversy.
Finally, reference to the mortgage must be had to determine the terms of default. The mortgage documents supplied to the court are illegible.
Under these circumstances, the application is denied with leave to renew.