■ STATE STREET BANK AND TRUST COMPANY, Respondent, v BROADWAY/ST. NICHOLAS ASSOCIATES et al., Defendants, and 3840 BROADWAY NYC ASSOCIATES, Appellant. JOSEPH WALSH, as Receiver, Respondent. [625 NYS2d 217] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered July 1,

1994, which, in an action to foreclose a mortgage on premises owned by defendant-appellant, insofar as appealed from, directed a hearing before a Special Referee on respondent receiver's motion to hold appellant in contempt and on appellant's cross motion to dismiss the action as against it for lack of jurisdiction and denied so much of appellant's cross motion as sought to compel the receiver to turn over all rents he had collected and to refrain from further interfering with appellant's ownership interests in the premises, unanimously affirmed, with costs.

A hearing on the propriety of service was properly directed on the basis of the process server's affidavit of service stating that he left the summons and complaint with the doorman after one of appellant's partners told the doorman, through the intercom, not to allow the process server to enter *(compare, duPont, Glore Forgan & Co. v Chen,* 41 NY2d 794, *with McCormack v Goldstein,* 204 AD2d 121). There is no merit to appellant's argument that the action should be automatically dismissed pursuant to CPLR 306-b (a), proof of service setting forth facts showing service in an authorized manner having been timely filed.

The ex parte appointment of the receiver was constitutionally valid *(see, Foxfire Enters. v Enterprise Holding Corp.,* 837 F2d 597, 598), and commencement of the action against any one defendant was a sufficient predicate of his appointment *(Clinton Capital Corp. v One Tiffany Place Developers,* 112 AD2d 911). Since the appointment was valid, the court properly refused to direct the receiver to turn over rents to appellant. Further, only the receiver is required to post a bond (CPLR 6403). Concur—Ellerin, J. P., Rubin, Asch, Nardelli and Mazzarelli, JJ.