Bank of Am., N.A. v Schoharie Senior Hous. Dev. Fund Corp. (2018 NY Slip Op 07384)





Bank of Am., N.A. v Schoharie Senior Hous. Dev. Fund Corp.


2018 NY Slip Op 07384


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526003

[*1]BANK OF AMERICA, N.A., Respondent,
v
SCHOHARIE SENIOR HOUSING DEVELOPMENT FUND CORPORATION et al., Appellants, et al., Defendants.

Calendar Date: September 11, 2018

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Powers & Santola LLP, Albany (Michael J. Hutter of counsel), for appellants.
Alston & Bird LLP, New York City (Brett D. Jaffe of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeals from two orders of the Supreme Court (Ferreira, J.), entered December 21, 2017 in Schoharie County, which granted plaintiff's motion for an order appointing a temporary receiver.
In October 2014, plaintiff made two loans to defendant Birches at Schoharie, L.P. (hereinafter Birches) to be used to finance the construction of a low-income housing development on property in the Village of Schoharie, Schoharie County. Birches, the property's beneficial owner, executed two notes representing its indebtedness to plaintiff with maturity dates in April 2016, and Birches and defendant Schoharie Senior Housing Development Fund Corporation, the property's record owner, executed two mortgages securing the notes. As pertinent here, the mortgages provided plaintiff with the right to apply for the appointment of a receiver in the event of a default.
Before the closing on the loans, Birches applied through its principal, defendant Steven L. Aaron, to the Division of Housing and Community Renewal (hereinafter DHCR) — which administers federal and state tax credit programs for low-income housing — for an allocation of tax credits for the project. Aaron signed binding agreements by which DHCR agreed to allocate tax credits in specified amounts to the project for a 10-year period so long as certain conditions were satisfied. As part of the loan transaction, Birches and plaintiff entered into a building loan agreement that provided that the availability of the tax credits was a material inducement to plaintiff to make the loans, that plaintiff was making the loans based in part upon the tax credits' value, that the tax credits constituted part of plaintiff's security for the loan and that Birches would "preserve at all times the [tax credits'] allocation and availability." The agreement further provided that failure to comply with its tax credit covenants constituted a default and that, upon default, plaintiff had the right to apply to a court for the appointment of a receiver.
After construction began, plaintiff extended the maturity dates on the notes several times in response to requests from Birches, ultimately establishing a final maturity date in April 2017. Birches failed to pay the amount due by that date, and plaintiff commenced this foreclosure action in September 2017. In November 2017, plaintiff moved by order to show cause for the appointment of a temporary receiver, alleging that Birches had defaulted in payment and had also put the availability of the tax credits at risk by failing to comply with the conditions specified in the binding agreements. Aaron, Birches, Schoharie Senior Housing Development Fund and defendants Birchez Associates, LLC and Birches Investor, LLC (hereinafter collectively referred to as defendants) opposed the motion. Supreme Court determined that plaintiff had demonstrated that the appointment of a receiver was warranted pursuant to both Real Property Law § 254 (10) and CPLR 6401, granted the motion and appointed a receiver. Defendants appeal.
Where, as here, a mortgage contains a clause that provides for the appointment of a receiver upon the mortgagor's default as set forth in Real Property Law § 254 (10), a court may exercise its discretion to grant the mortgagee's application to appoint a receiver or, in appropriate circumstances, to deny the application (see ADHY Advisors LLC v 530 W. 152nd St. LLC, 82 AD3d 619, 619 [2011]; 366 Fourth St. Corp. v Foxfire Enters., 149 AD2d 692, 692 [1989]; Fairmont Assoc. v Fairmont Estates, 99 AD2d 895, 896 [1984], lv denied 62 NY2d 602 [1984]; Mancuso v Kambourelis, 72 AD2d 636, 637 [1979], lv dismissed 48 NY2d 1027 [1980])[FN1]. Here, plaintiff submitted evidence that, in addition to its default in making the payments due under the mortgages, Birches had failed to comply with the conditions set out in its binding agreements with DHCR, thus placing the availability of the tax credits at significant risk. Plaintiff provided documentation establishing that DHCR would not make a final allocation of tax credits to the project until Birches corrected the deficiencies in question and that, despite requests from DHCR, Birches had failed and continued to fail to do so. Plaintiff also provided calculations demonstrating that loss of the tax credits would reduce the value of the property so drastically that it would no longer be sufficient to provide security for the underlying indebtedness. Finally, plaintiff asserted that, pursuant to certain provisions of the federal tax code, the tax credits would become unavailable to the project if a final allocation was not obtained from DHCR before December 31, 2017 — a deadline that was then only a few weeks away. Accordingly, plaintiff asserted that the immediate appointment of a receiver was required to promptly obtain the tax credits, manage the property and protect its value as collateral while the foreclosure action was adjudicated.
In response, defendants did not dispute that Birches had defaulted on the mortgages, nor did they assert that the deficiencies that had placed the availability of the tax credits at risk had been corrected. Instead, they offered vague assurances, unsupported by any documentation, to the effect that DHCR was amenable to meeting with Aaron to resolve the situation and that Aaron expected to correct the deficiencies and obtain the needed tax credits by some unspecified date in the future. As for the impending deadline for final allocation of the tax credits, defendants argued that DHCR was authorized to grant extensions, but provided no evidence that it was willing to do so in this case. Under these circumstances, we find no abuse of discretion in Supreme Court's determination that the appointment of a temporary receiver was warranted as authorized by Real Property Law § 254 (10) (see 366 Fourth St. Corp. v Foxfire Enters., 149 AD2d at 692; Clinton Capital Corp. v One Tiffany Place Developers, 112 AD2d 911, 912 [1985]; Manufacturers & Traders Trust Co. v Cottrell, 80 AD2d 744, 744 [1981]; Mancuso v Kambourelis, 72 AD2d at 637).
In view of this determination, we need not address the parties' arguments related to CPLR 6401. Finally, defendants' contention that the receiver's power should be limited to securing the tax credits is unpreserved for appellate review, as defendants failed to raise it before [*2]Supreme Court (see generally 1995 Birchall Ave. LLC v Boodhoo, 128 AD3d 504, 504 [2015]; General Elec. Capital Corp. v Highgate Manor Group, LLC, 69 AD3d 992, 993-994 [2010]).
Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, with costs.



Footnotes

Footnote 1: Defendants concede that the receivership provisions of the mortgages fall within the scope of Real Property Law § 254 (10).