HSBC Bank USA, N.A. v Rubin (2022 NY Slip Op 05682)

HSBC Bank USA, N.A. v Rubin

2022 NY Slip Op 05682

Decided on October 12, 2022

Appellate Division, Second Department

Dillon, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-10475
 (Index No. 26907/08)

[*1]HSBC Bank USA, N.A., appellant,
v
Eliezer Rubin, respondent, et al., defendants.

APPEAL by the plaintiff, in an action to foreclose a mortgage, from an order of the Supreme Court (Ingrid Joseph, J.), dated June 19, 2019, and entered in Kings County. The order, insofar as appealed from, denied the plaintiff's motion for the appointment of a temporary receiver for the rents and profits of the mortgaged property.

McCabe, Weisberg & Conway, LLC, Melville, NY (Kenneth Britt of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for respondent.

DILLON, J.P.

OPINION & ORDER
This appeal presents an opportunity to discuss the interplay between CPLR 306-b, which vests trial courts with discretion to extend the time for service of process, CPLR 5011, which defines and describes the content of a judgment, CPLR article 64, which authorizes the appointment of temporary receivers, and Real Property Law § 254(10) and RPAPL 1325(1), which under certain circumstances allow ex parte applications for the appointment of temporary receivers. Here, the Supreme Court exercised its discretion in denying the plaintiff's second motion pursuant CPLR 306-b to extend the time for service of process. While that denial preceded the entry of a judgment, meaning that the action was still extant, the court should have considered the plaintiff's motion for the appointment of a temporary receiver for the rents and profits of the mortgaged property, as the parties' mortgage and controlling statutory authorities permit such an appointment without notice to the defendant.
I. Relevant Facts
The plaintiff, HSBC Bank USA, N.A., commenced this action on September 25, 2008, to foreclose a mortgage encumbering certain real property in Brooklyn. The defendant mortgagor, Eliezer Rubin (hereinafter the defendant), failed to appear or answer. Also named as defendants in the action were Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for E-Loan, Inc., New York City Environmental Control Board (hereinafter ECB), New York City Transit Adjudication Bureau (hereinafter NYCTAB), and a John Doe (hereinafter Doe).
On January 10, 2010, the Supreme Court issued an order of reference upon the defendant's default. Thereafter, the plaintiff moved for a judgment of foreclosure and sale. That motion was denied in an order dated May 7, 2013, without prejudice, on the ground, inter alia, that the plaintiff had not yet complied with then-Administrative Order 431/11.
On May 18, 2015, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, for lack of personal jurisdiction, based upon the plaintiff's [*2]alleged failure to validly serve process on him. On October 8, 2015, the Supreme Court referred the issue to a court attorney referee who conducted an evidentiary hearing to determine the vaildity of service of process. Upon completion of the hearing, the referee rendered a report dated May 31, 2016, recommending that the plaintiff failed to establish valid service of process on the defendant. Thereafter, the defendant moved to confirm the referee's report and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. On July 7, 2016, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the defendant with process.
In an order dated March 20, 2017, the Supreme Court granted the defendant's "motion to confirm the Referee's Report and dismiss the action" and also granted the plaintiff's "motion to extend its time to serve" the defendant. The court stated that the plaintiff had 120 days from the date of its order to serve the defendant.
Approximately 15 months later, on June 13, 2018, the plaintiff moved a second time pursuant to CPLR 306-b to extend the time to serve the defendant. The motion for the further time extension was denied in an order dated October 24, 2018.
On this record, no judgment was ever executed or entered.
On January 31, 2019, the plaintiff moved for the appointment of a temporary receiver for the rents and profits of the mortgaged property. Paragraph H of the Family Rider to the mortgage provided that, in the event of a default, a "judicially appointed receiver" could enter upon, take control, and maintain the property, without the appointment curing the default or waiving any of the lender's rights. Paragraph H(vi) provided that the "Lender shall be entitled to have a receiver appointed to take possession of and manage the [p]roperty and collect the [r]ents and profits derived from the [p]roperty without any showing as to the inadequacy of the [p]roperty as security." The defendant opposed the motion for the appointment of a temporary receiver and cross-moved for sanctions on the grounds that the action had already been "dismissed" for lack of personal jurisdiction, and the plaintiff had failed to serve the defendant during the additional 120-day grace period provided by the Supreme Court.
In an order dated June 19, 2019, the Supreme Court denied the plaintiff's motion for the appointment of a temporary receiver on the ground that "this case was already dismissed as per the March 20, 2017 order. . . . As per that order, this case is marked disposed." The merits of the motion for the appointment of a temporary receiver were not reached. The court noted that the plaintiff had failed to serve the defendant despite two opportunities, the first presumably being after the filing of the summons and complaint in late 2008 and early 2009, and the second being the 120-day CPLR 306-b extension that was granted in 2017. The defendant's cross-motion for sanctions was denied.
The plaintiff appeals from so much of the order dated June 19, 2019, as denied its motion for the appointment of a temporary receiver. For reasons set forth below, we reverse the order insofar as appealed from and remit for a determination of that motion on its merits.
II. Absent a Judgment, The Action Was Still Pending for the Consideration of Motions
The defendant argued to the Supreme Court, and reiterates on appeal, that the order dated March 20, 2017, had "dismissed" the action, meaning that there was no pending action on which the court could entertain the motion for the appointment of a temporary receiver. The defendant therefore posits that in the order appealed from, dated June 19, 2019, the Supreme Court correctly denied the plaintiff's motion for the appointment of a temporary receiver on that procedural basis.
Contrary to the defendant's argument and the determination of the Supreme Court, an order of dismissal is not the same as a judgment under CPLR 5011. CPLR 5011 is routinely utilized by practitioners and courts without controversy, as its mechanics are well-understood and not particularly complicated. A judgment is a paper that reflects the resolution of an action or proceeding (see Slewett & Farber v Board of Assessors of County of Nassau, 80 AD2d 186, 200-201, mod on other grounds, 54 NY2d 547). A judgment may be either interlocutory or final. It "shall refer to, and state the result of, the verdict or decision, or recite the default upon which it is based" (CPLR 5011; see Selby Mktg. Assoc. v Als, Inc., 169 Misc 2d 1043, 1044 [Rochester City Ct]). A judgment is entered by the clerk at the conclusion of an action or proceeding (see CPLR 5016[a]). An action is not actually concluded until a final judgment is entered (see State of New York Mtge. Agency v Braun, 182 AD3d 63; Cooke-Garrett v Hoque, 109 AD3d 457; Paola Vista Clothing v V.R.P. Calzaturificio, 148 AD2d 593, 595).
This Court addressed the question of whether a party is eligible for affirmative relief [*3]during the interstitial time existing between an order of dismissal and the entry of a judgment, in State of New York Mtge. Agency v Braun (182 AD3d 63). The facts underlying Braun are in many respects similar to the facts here. In Braun, the defendant homeowner moved to dismiss a residential mortgage foreclosure complaint insofar as asserted against him on the ground of invalid service of process on him. The issue was referred to a hearing to determine the validity of service, which resulted in a finding that process had not been validly served, as here. On that basis, the Supreme Court rendered an order which granted the defendant's motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, also as here. Before the entry of any judgment, the plaintiff in Braun moved for an extension of time to serve the defendant in the same action, as permissible under CPLR 306-b, presumably to avoid a statute of limitations problem that would exist by filing a new action with a new index number. The Supreme Court denied the plaintiff's motion for a CPLR 306-b time extension. A legal question presented on the subsequent appeal to this Court was whether the Supreme Court's order of dismissal had "ended" the action so as to preclude any further service of process; or whether, as argued by the plaintiff therein, the action remained viable and active prior to the entry of a final judgment. In a signed opinion of Justice John Leventhal, this Court held that the action was still "pending" so long as no final judgment was entered, and that the Supreme Court could therefore appropriately entertain the plaintiff's CPLR 306-b motion on its merits (see State of New York Mtge. Agency v Braun, 182 AD3d at 69). Incidental to that issue, this Court determined in Braun that, under the circumstances of that action, the Supreme Court had improvidently exercised its discretion in denying the plaintiff's motion for an interest of justice extension of time to serve process (see id. at 67).
The logic of Braun is illustrated by two considerations that involve the different roles played by an order of dismissal on the one hand and a judgment on the other. The first is that when an order of dismissal is entered, it is subject to potential renewal and reargument under CPLR 2221. No such motion would be denied ipso facto by virtue of the dismissal language contained in the prior order. Second, collateral issues that may arise at the conclusion of an action or proceeding, such as the calculation of attorneys' fees or statutory costs, are not addressed in an order of dismissal but are addressed in the final judgment—meaning that all litigation issues involving the parties are simply not buttoned up until entry of the final judgment.
The importance of Braun, at least as relevant here, is its reminder to the bench and bar of the importance of CPLR 5011—that an action or proceeding is concluded upon entry of the final judgment, and not by operation of any decision or order preceding it (see U.S. Bank N.A. v Saintus, 153 AD3d 1380, 1382; Cooke-Garrett v Hoque, 109 AD3d at 457). Consequently, applications to nisi prius may be entertained on their merits, even after an order of dismissal, so long as no judgment has yet been entered so as to finalize and conclude the action or proceeding.
The defendant alternatively argues that the March 20, 2017 order was, at worst for him, a conditional order, which then dismissed the action when the plaintiff failed to effect service of process within the 120-day extension that had been granted by the Supreme Court. Contrary to the defendant's contention on this point, the order does not contain any language suggesting that the dismissal of the complaint was conditioned upon non-service of process. In any event, the defendant's alternative argument fails under Braun, for reasons already stated.
III. The Plaintiff's Motion for the Appointment of a Temporary Receiver Should Have Been Entertained on the Merits
In the order appealed from, the Supreme Court denied the plaintiff's motion for the appointment of a temporary receiver on the ground that, in the prior order, dated March 20, 2017, the action had already been dismissed, and on that basis, the action was "marked disposed." In fairness to the court, the clarity provided by Braun, decided in 2020, was not yet available when the order appealed from in the instant matter was rendered. For reasons already explained, the prejudgment order of dismissal did not divest the court of the authority to reach the merits of the plaintiff's motion for the appointment of a temporary receiver.
In Braun, this Court determined that the plaintiff's post-dismissal motion for an extension of time to serve the defendant should have been granted in the interest of justice (see CPLR 306-b), by which that action continued. It is at that juncture where Braun's facts diverge from those present here. In the instant matter, the Supreme Court had initially granted the plaintiff an additional 120 days for serving the defendant per the terms of the court's March 20, 2017 order. Service was not performed within that extended period. More than a year later, on June 13, 2018, [*4]the plaintiff moved for a second time for a further extended opportunity to serve process upon the defendant. That motion was denied in the order dated October 24, 2018. The denial of that motion is not on appeal here. The plaintiff's motion for the appointment of a temporary receiver is therefore circumstanced where service of process has not been accomplished upon the defendant, and cannot be accomplished now. In other words, under these discrete facts, the plaintiff seeks the judicial appointment of a temporary receiver as to property where there is an absence of personal jurisdiction over the defendant mortgagor, who would be affected by the requested appointment. Paragraph H of the Family Rider to the subject mortgage specifically describes any temporary receiver to collect rents and profits as someone who would be "judicially appointed."
The procedures for the appointment of a temporary receiver are generally set forth in CPLR 6401. Subdivision (a) of the statute permits the appointment of a temporary receiver of property in favor of a party with an apparent interest in it, "where there is danger that the property will be removed from the state, or lost, materially injured or destroyed" (id. § 6401[a]). Subdivision (b) authorizes the temporary receiver to "hold real property . . . upon such conditions and for such purposes as the court shall direct" (id. § 6401[b]). Temporary receivers do not take title to the mortgaged property but protect and manage it (see In re Euro-American Lodging Corp., 357 BR 700, 717 [Bankr SD NY] [applying New York law]).
Courts use "extreme caution" in appointing temporary receivers, because doing so is an imposition upon the property holder and occurs before any determination of the action's ultimate merits (Hahn v Garay, 54 AD2d 629, 629-630; see Vandaris Tech, Inc. v Paleros Inc., 49 AD3d 631, 632 [calling the appointment of a temporary receiver an "extreme remedy" (internal quotation marks omitted)]; Emblem v Juras, 112 AD2d 134, 135 [same]; S.Z.B. Corp. v Ruth, 14 AD2d 678, 679 [calling the appointment of a temporary receiver a "drastic remedy"]). For these reasons, the proof that must be tendered in support of the appointment is that of a clear evidentiary showing (see Quick v Quick, 69 AD3d 828, 829; Eastbank v Malneut Realty Corp., 180 AD2d 442, 442-443; McBrien v Murphy, 156 AD2d 140 [clear and convincing]; Modern Collection Assoc. v Capital Group, 140 AD2d 594; Schachner v Sikowitz, 94 AD2d 709).
Recognizing that danger to property may occur at any time, CPLR 6401(a) broadly allows for the appointment of a temporary receiver "before or after service of [the] summons and at any time prior to judgment, or during the pendency of an appeal" (id. [emphasis added]). Part of that language, enacted in 1962 with the omnibus provisions of the CPLR (L 1962 ch 308), may now be a relic, as it was written at a time when New York was a "service state" for commencing actions rather than a "filing state." CPLR 304(a), effective three decades later on July 1, 1992, converted New York to a "filing state" for the commencement of actions and special proceedings (L 1992, ch 216, § 4).
In mortgage foreclosure actions, CPLR 6401 must be examined in conjunction with Real Property Law § 254(10) and RPAPL 1325(1). Real Property Law § 254(10) provides that if a mortgage holder commences a foreclosure action and is entitled by the terms of the mortgage to the appointment of a receiver for rents and profits, the mortgage holder shall be entitled to the appointment without notice and without regard to the adequacy of the security of the debt (see GECMC 2007-C1 Ditmars Lodging, LLC v Mohola, LLC, 84 AD3d 1311, 1312; Naar v Litwak & Co., 260 AD2d 613, 614; Baker v Bloom, 146 AD2d 859, 860; Manufacturers & Traders Trust Co. v Cottrell, 80 AD2d 744; Security Nat. Bank v Village Mall at Hillcrest, 79 Misc 2d 1060, 1062 [Sup Ct, Queens County]). Similarly, RPAPL 1325(1) provides that "[w]here the action is for the foreclosure of a mortgage providing that a receiver may be appointed without notice, notice of a motion for such appointment shall not be required." These statutes have been interpreted as being consistent with one another (see Mandel v Nero, 52 Misc 2d 604, 605 [Sup Ct, Putnam County]).
When the mortgage entitles the mortgagee to the judicial appointment of a temporary receiver, Real Property Law § 254(10) and RPAPL 1325(1) are the controlling statutes, which displace CPLR 6401 (see Friedman v Gerax Realty Assoc., 100 Misc 2d 820, 821 [Sup Ct, Nassau County]; Massachusetts Mut. Life Ins. Co. v Avon Assoc., 83 Misc 2d 829, 830 [Sup Ct, NY County]), and which allow for the appointment "without regard to the adequacy of any security of the debt" (Real Property Law § 254[10]; see Crossland Sav. v LoGuidice-Chatwal Real Estate Invs. Co., 157 AD2d 504). That Real Property Law § 254(10) and RPAPL 1325(1) control in this situation, as opposed to CPLR 6401, is in accord with the proposition that, "[a]s a general matter, the language of general statutes are to yield to the language of specific ones" (Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 155; see McKinney's Cons Laws of NY, Book [*5]1, Statutes § 238). As an example, this Court held, in Shaw Funding, LP v Bennett (185 AD3d 857), that the Supreme Court providently exercised its discretion in granting the plaintiff's motion to appoint a receiver for the rents and profits of the mortgaged premises, as the rider to the consolidation and extension agreement provided for such an appointment on the borrowers' default (see id. at 857-858, citing Real Property Law § 254[10] [among other authority]). This Court further held that, contrary to the defendant's contention, "inasmuch as the plaintiff did not seek the appointment of a receiver pursuant to CPLR 6401, that statute is inapplicable to this case" (Shaw Funding, LP v Bennett, 185 AD3d at 858).
Conversely, CPLR 6401 controls when the language of the mortgage fails to address the topic of a temporary receiver, in which case the party seeking the appointment must demonstrate a danger that the property will be removed, lost, materially injured, or destroyed (see id. § 6401[a]; First Natl. Bank of Glens Falls v Caputo, 124 AD2d 417). This is a distinctly different standard of proof than that required under the related provisions of the Real Property Law and RPAPL. Cases applying these related statutes, while noting that a court of equity, in its discretion and under appropriate circumstances, may deny an application to appoint a temporary receiver, make no reference to the factual showing required by CPLR 6401(a) (see e.g. Clinton Capital Corp. v One Tiffany Place Developers, 112 AD2d 911, 912). If no contractual provision entitles the mortgagee to the judicial appointment of a temporary receiver so that Real Property Law § 254(10) and RPAPL 1325(1) do not apply, notice of the motion should be given to the mortgagor, consistent with usual motion and due process expectations (see Massachusetts Mut. Life Ins. Co. v Avon Assoc., 83 Misc 2d at 830). The constitutionality of temporary receiverships has been upheld whether obtained on notice to an adversary party (Hiatrides v Tobler, 59 AD2d 924) or, when statutorily permitted, ex parte with its collateral statutory safeguards (see Friedman v Gerax Realty Associates, 100 Misc 2d at 822; Security Nat. Bank v Village Mall at Hillcrest, 79 Misc 2d at 1064).
In this matter, the language of Paragraph H of the Family Rider to the subject mortgage authorizes the judicial appointment of a temporary receiver. The procedures of Real Property Law § 254(10) and RPAPL 1325(1) are therefore controlling in this matter, rather than those of CPLR 6401(a), meaning that the judicial appointment of a temporary receiver may be statutorily sought ex parte.
Cases hold that a receiver may be appointed so long as an action has been commenced (see State St. Bank & Trust Co. v Broadway/St. Nicholas Assoc., 214 AD2d 474, 475; Clinton Capital Corp. v One Tiffany Place Developers, 112 AD2d at 911; Empire Sav. Bank v Towers Co., 54 AD2d 574, 574-575; Bankers Fed. Sav. v Somerset Apt. Corp., 151 Misc 2d 569, 570 [Sup Ct, NY County]; Mentz v Efficient Bldg. Corp., 145 Misc 505, affd 234 App Div 797, affd 258 NY 616; Wolf v 120 Middletown Realty Corp., 31 Misc 2d 668, 669 [Sup Ct, Kings County]). Here, the plaintiff commenced this action by the filing of a summons and complaint, consistent with the initiatory procedures in effect since 1992. Real Property Law § 254(10) and RPAPL 1325(1) permit the plaintiff the right in this instance to seek the judicial appointment of a receiver without notice to the defendant. Therefore, in a commenced action, the failure of the plaintiff to serve the defendant with process does not, in and of itself, negate the court's authority to entertain the plaintiff's motion to appoint a temporary receiver, as the motion may be prosecuted ex parte in any event, pursuant to terms of the mortgage and Real Property Law § 254(10) and RPAPL 1325(1).
Moreover, there is significance to the fact that MERS, NYCTAB, ECB, and Doe are also named in the action. In 1985, when actions in New York were commenced by service, this Court held, in an action where the mortgage authorized the appointment of a receiver, that "[t]he owner of the equity of redemption need not be served before a receiver is appointed; service upon another party also commences an action as to permit the appointment of a receiver" (Clinton Capital Corp. v One Tiffany Place Developers, 112 AD2d at 911-912, quoting Empire Sav. Bank v Towers Co., 54 AD2d at 574-575 [decided in 1976]). The concept carried over after New York became a filing state in 1992 (see State St. Bank & Trust Co. v Broadway/St. Nicholas Assoc., 214 AD2d at 475), where the filing of a complaint against multiple defendants commenced the action simultaneously against all named defendants. Under either procedure, the existence of an action against at least one defendant provides a predicate for the appointment of a temporary receiver when an appointment is authorized under the terms of the mortgage, even if the mortgagor entitled to the equity of redemption is not named in the action or, by logical extension, named but not served with process under New York's current filing procedures. Here, the action was commenced against the defendant, permitting the Supreme Court to consider the appointment of a temporary receiver on that [*6]basis; but even without that basis, the commencement of the action against the codefendants provides the court with an additional predicate under which to consider a temporary receiver's appointment (see id.; Clinton Capital Corp. v One Tiffany Place Developers, 112 AD2d at 911-912; Empire Sav. Bank v Towers Co., 54 AD2d at 574-575). Seen in this light, even if the plaintiff has been denied a CPLR 306-b extension to serve process upon the defendant and therefore cannot establish claims against him, the action has not on this record progressed to a judgment in favor of the defendant, and in any event, the action remains extant as to the named codefendants, thereby providing predicates for the potential appointment of a temporary receiver for the subject property.
The statutory permissiveness of a receiver appointment prior to the actual service of a summons upon a defendant, when permissible under Real Property Law § 254(10) and RPAPL 1325(1), necessarily allows for applications to be determined despite the absence of personal jurisdiction over a defendant. Personal jurisdiction, and notice of an application to a party, are two different things. Consequently, the mere fact that the defendant has not been validly served with process in this instance does not, in and of itself, require the automatic procedural denial of the plaintiff's motion for the appointment of a temporary receiver, as the parties' mortgage contemplated the judicial appointment of a temporary receiver and statutory authority allowed the application for it to be presented ex parte. Moreover, the plaintiff gave the defendant notice of its motion for the appointment of a temporary receiver, even though not required to under Real Property Law § 254(10) and RPAPL 1325(1), and that noticed motion was opposed by the defendant on the merits.
In light of the foregoing, we reverse the order appealed from, and remit the matter to the Supreme Court, Kings County, for a determination of the plaintiff's motion for the appointment of a temporary receiver on the merits, and for any further prejudgment proceedings as may be indicated.
IV. Miscellaneous
Courts may exercise discretion in favor of granting an application for the appointment of a temporary receiver (see Real Property Law § 254[10]; Bank of Am., N.A. v Schoharie Senior Hous. Dev. Fund Corp., 166 AD3d 1114, 1116; Essex v Newman, 220 AD2d 639, 640; 366 Fourth St. Corp. v Foxfire Enters, 149 AD2d 692; Clinton Capital Corp. v One Tiffany Place Developers, 112 AD2d at 912; Mancuso v Kambourelis, 72 AD2d 636, 637), or alternatively, by denying the application (see ADHY Advisors LLC v 530 W. 152nd St. LLC, 82 AD3d 619; Fairmont Assoc. v Fairmont Estates, 99 AD2d 895, 896). In ordering a remittal on the issue, we express no opinion as to whether the plaintiff's motion for the appointment of a temporary receiver should be granted or denied.
The plaintiff's contentions regarding CPLR 5015, the defendant's standing, and pleading amendments under CPLR 3025, raised for the first time on appeal, are not properly before this Court (see JPMorgan Chase Bank, N.A. v Borukhov, 203 AD3d 808, 809; Bajwa v Saida, Inc., 6 AD3d 471, 473). Any remaining arguments of the parties are either without merit or have been rendered academic by our determination.
Accordingly, the order is reversed insofar as appealed from, on the law, and the matter is remited to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion for the appointment of a temporary receiver for the rents and profits of the mortgaged property and for any further proceedings consistent herewith.
IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion for the appointment of a temporary receiver for the rents and profits of the mortgaged property and for any further proceedings consistent herewith.
ENTER:
Maria T. Fasulo
Clerk of the Court