U.S. Bank Trust, N.A. v Quevedo (2025 NY Slip Op 06749)

U.S. Bank Trust, N.A. v Quevedo

2025 NY Slip Op 06749

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-01023
 (Index No. 11257/10)

[*1]U.S. Bank Trust, N.A., etc., appellant, 
v
Samantha N. Quevedo, etc., et al., respondents, et al., defendants.

Day Pitney LLP, New York, NY (Christina A. Livorsi and Kevin MacTiernan of counsel), for appellant.
Charles Wallshein, Melville, NY (Charles W. Marino of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Aletha V. Fields, J.), dated October 13, 2023. The order granted the motion of the defendants Samantha N. Quevedo and Stephen Quevedo pursuant to CPLR 306-b to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In 2010, the plaintiff's predecessor in interest commenced this action to foreclose a mortgage against, among others, Stephen V. Quevedo (hereinafter the decedent). In 2014, the decedent died.
Thereafter, the plaintiff moved, inter alia, for leave to amend the complaint to add the decedent's heirs, Samantha N. Quevedo and Stephen Quevedo (hereinafter together the defendants), as defendants, and to extend the time to serve the defendants. On August 1, 2022, the Supreme Court signed the plaintiff's proposed order, with handwritten changes to reflect, among other things, that the time to serve the defendants was extended for 120 days "from the date of notice of this Order's entry." The order contained a stamp by the Suffolk County Clerk dated August 10, 2022, reflecting electronic filing with the New York State Courts Electronic Filing (hereinafter NYSCEF) system. On December 21, 2022, the plaintiff served notice of entry of the order upon the defendants. According to affidavits of service, the plaintiff effected service of the supplemental summons and amended complaint upon the defendants pursuant to CPLR 308(2) on April 19, 2023, with service completed on April 25, 2023.
Thereafter, the defendants moved pursuant to CPLR 306-b to dismiss the amended complaint insofar as asserted against them based upon the plaintiff's failure to serve them within the 120-day period set forth in the order dated August 1, 2022. In an order dated October 13, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"In an action subject to e-filing, the County Clerk or his or her designee shall file orders and judgments of the court electronically and enter them" (22 NYCRR 202.5-b[h][1]). The filing stamp affixed by the county clerk to orders or judgments "shall be proof of the fact of entry [*2]and the date and time thereof" (id.). Further, "[u]pon entry of an order or judgment, the NYSCEF site shall transmit to the e-mail service addresses a notification of receipt of such entry" (id. § 202.5-b[h][2]).
Here, the filing stamp by the Suffolk County Clerk on the order dated August 1, 2022, reflects that the order, which was electronically filed with NYSCEF, was entered on August 10, 2022, which triggered the transmission of notification of receipt of such entry (see id.). Although 22 NYCRR 202.5-b(h)(2) provides that the transmission via email of a notification of receipt of entry does "not constitute service of notice of entry by any party" (emphasis added), the order dated August 1, 2022, did not indicate that the 120-day period was to run from the date of service of notice of entry by a party. Rather, that order provided that the 120-day period was to run from "the date of notice of this Order's entry," which unequivocally referred to the date upon which the plaintiff was on notice of entry of the order. Moreover, the plaintiff did not dispute that it received notification of the order's entry on August 10, 2022. Thus, contrary to the plaintiff's contention, the 120-day period ran from August 10, 2022, rather than from the plaintiff's service of notice of entry of the order upon the defendants on December 21, 2022. Since the plaintiff did not complete service upon the defendants of the supplemental summons and amended complaint until April 25, 2023, which was beyond the 120-day period set forth in the order dated August 1, 2022, the Supreme Court properly determined that service upon the defendants was untimely (see HSBC Bank USA, N.A. v Rubin, 210 AD3d 73, 79; DeLorenzo v Gabbino Pizza Corp., 83 AD3d 992, 993).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 306-b to dismiss the amended complaint insofar as asserted against them.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court