■ ROBERT B. ESSEX, Respondent, v GARY P. NEWMAN et al., Appellants, et al., Defendants. [632 NYS2d 636] —In an action to foreclose a mortgage, the defendants Gary P. Newman, Terise M. Newman, and Garet Square Associates, Inc., appeal from an order of the Supreme Court, Suffolk County (Newmark, J.), dated March 28, 1995, which, *inter alia,* granted the plaintiff's motion to appoint a temporary receiver to collect monthly rental payments.

Ordered that the order is modified by deleting the provision thereof which fixed reasonable rental payments at $2,000 per month; as so modified, the order is affirmed, with costs to the appellants.

The mortgage in the present case specifically authorizes the appointment of a receiver upon application by the mortgagee in any action to foreclose the mortgage. Such a clause authorizes the appointment of a receiver without notice and without regard to the adequacy of the security *(see,* Real Property Law § 254 [10]; *366 Fourth St. Corp. v Foxfire Enters.,* 149 AD2d 692; *Clinton Capital Corp. v One Tiffany Place Developers,* 112 AD2d 911). While a court of equity, in its discretion and under appropriate circumstances, may deny such an application *(see, 366 Fourth St. Corp. v Foxfire Enters., supra; Clinton Capital Corp. v One Tiffany Place Developers, supra),* denial was not appropriate in this case.

However, while the plaintiff is entitled to reasonable rental payments from the defendants for their occupancy while in default, the plaintiff was not entitled to have the amount of the reasonable rental payments fixed ex parte. "Ex parte applications are generally disfavored by the courts, unless expressly authorized by statute, because of the attendant due process implications caused by proceeding without notice" *(Matter of Fosmire v Nicoleau,* 144 AD2d 8, 12, *affd* 75 NY2d 218). Therefore, the provision fixing reasonable rent is deleted and any future applications to fix rental payments must be made by motion on notice. Altman, J. P., Hart, Friedmann and Krausman, JJ., concur.