■ JACOB B. NAAR et al., Respondents, and BERNARD STEIN et al., Appellants, v I.J. LITWAK & Co., INC., et al., Respondents, et al., Defendants. [688 NYS2d 698] —In an action to foreclose three mortgages on certain real property, the plaintiffs Bernard Stein, Robert Stein, Lynn Igel, and Peggy Stein appeal from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated February 27, 1998, as (1) denied their motion to permit the receiver of rents to employ counsel and a managing agent, (2) upon granting their application for a substitution of counsel, determined that no attorney-client relationship existed between them and Finkel Goldstein Berzow & Rosen-

bloom as of August 16, 1996, and (3) granted the cross motion of the defendant I.J. & J. Management Corp. to vacate two prior orders of the same court dated November 18, 1996, and May 19, 1997, which appointed a receiver and substitute receiver of rents, respectively.

Ordered that the appeal from so much of the order as, upon granting the appellants' application for a substitution of counsel, determined that no attorney-client relationship existed between them and Finkel Goldstein Berzow & Rosenbloom as of August 16, 1996, is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, the motion is granted, and the cross motion is denied; and it is further,

Ordered that the appellants are awarded one bill of costs, payable by the defendants-respondents.

The appeal from so much of the order as, upon granting the appellants' application for a substitution of counsel, determined that no attorney-client relationship existed between them and Finkel Goldstein Berzow & Rosenbloom as of August 16, 1996, must be dismissed, as findings of fact are not independently appealable (*see, Matter of County of Westchester v O'Neill,* 191 AD2d 556; *Benedetto v O'Grady,* 10 AD2d 628). The appellants do not request vacatur or modification of any decretal provision of the order appealed from regarding this specific issue, nor have they alleged that any such vacatur or modification or any other corrective measure would be warranted in the event that this Court were to agree with their argument. Therefore, their appeal from that part of the order must be dismissed.

The defendants-respondents clearly defaulted under the terms of the mortgage agreements and were admittedly in arrears on taxes and water and sewer charges. The mortgage agreements at issue each contain a covenant which mandates the appointment of a receiver upon default. Accordingly, the mortgagee was entitled to the appointment of a receiver regardless of proving the necessity for the appointment (*see,* Real Property Law § 254 [10]; *Febbraro v Febbraro,* 70 AD2d 584).

Although a court of equity may deny or vacate the appointment of a receiver under appropriate circumstances (*see, Clinton Capital Corp. v One Tiffany Place Developers,* 112 AD2d 911; *Febbraro v Febbraro, supra*; *Home Tit. Ins. Co. v Scherman Holding Co.,* 240 App Div 851), it was an improvident exercise of discretion for the court to vacate the prior orders of appointment upon this record. Moreover, based on this record and the mandatory language of the mortgage covenant, the Supreme Court should have granted the appellants' motion to

expand the powers of the substitute receiver in order to adequately protect the subject property (*see,* Real Property Law § 254 [10]). S. Miller, J. P., O'Brien, Ritter and Santucci, JJ., concur.