■ GECMC 2007-C1 DITMARS LODGING, LLC, Respondent, v MOHOLA, LLC, et al., Appellants, et al., Defendants. [924 NYS2d 531]—

In an action to foreclose a mortgage, the defendants Mohola, LLC, P & P LaGuardia, LLC, Ranji Patel, and Edward I. Penson appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered July 6, 2010, which denied their motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (3), and denied their separate motion to

vacate an order of the same court entered April 7, 2010, granting the plaintiff's motion for the appointment of a temporary receiver for real property located at 94-00 Ditmars Boulevard, East Elmhurst, New York.

Ordered that the order entered July 6, 2010, is affirmed, with costs.

The appellants moved pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them, alleging that the plaintiff lacked standing to maintain this action. Contrary to the appellants' contention, the complaint and annexed documents established that the plaintiff was validly assigned the note and mortgage that is the subject of this foreclosure action (*see Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]; *see also U.S. Bank N.A. v Pia*, 73 AD3d 752, 753 [2010]). Accordingly, the Supreme Court properly denied the appellants' motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them.

Further, the Supreme Court did not improvidently exercise its discretion in denying the appellants' separate motion to vacate a prior order appointing a temporary receiver for the real property secured by the subject mortgage. The mortgage agreement at issue includes a provision expressly authorizing, in an action to foreclose the mortgage, the appointment of a receiver "without notice and without regard to the adequacy of the security for the Debt and without regard for the solvency of [the] Borrower." Thus, the plaintiff was entitled to the appointment of a temporary receiver without notice and without regard to the adequacy of the security for the loan, "regardless of proving the necessity for the appointment" (*Naar v Litwak & Co.*, 260 AD2d 613, 614 [1999]; *see* Real Property Law § 254 [10]; *see also Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 890, 891 [2010]). Further, although a court of equity may vacate an order appointing a receiver in its discretion and under appropriate circumstances (*see Naar v Litwak & Co.*, 260 AD2d at 614-615; *Clinton Capital Corp. v One Tiffany Place Developers*, 112 AD2d 911, 912 [1985]), the circumstances did not warrant vacatur here (*see Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 891; *Naar v Litwak & Co.*, 260 AD2d at 614-615). Rivera, J.P., Balkin, Lott and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31790(U).]**