■ CITIBANK, N.A., Appellant, v VAN BRUNT PROPERTIES, LLC, Respondent, et al., Defendants. [945 NYS2d 330]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated March 4, 2011, which denied that branch of its motion which was for summary judgment on the complaint, its application for the appointment of a receiver, and its separate motion to substitute Wells Fargo Bank, N.A., as the plaintiff, and to amend the caption accordingly, and granted the cross motion of the defendant Van Brunt Properties, LLC, for a judgment declaring that the plaintiff is not entitled to any interest, penalties, or fees on the subject note to the extent of declaring that the plaintiff is not entitled to any interest, penalties, or fees on the subject note from the date of the alleged default through March 31, 2011.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiff's application for the appointment of a receiver is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint, the plaintiff's application for the appointment of a reciever, and the plaintiff's separate motion to substitute Wells Fargo Bank, N.A., as the plaintiff, and to amend

the caption accordingly, are granted, and the cross motion of the defendant Van Brunt Properties, LLC, for a judgment declaring that the plaintiff is not entitled to any interest, penalties, or fees on the subject note is denied.

The Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment on the complaint and the plaintiff's application for the appointment of a receiver. A mortgagee establishes its prima facie entitlement to summary judgment in a foreclosure action where it produces both the mortgage and unpaid note, together with evidence of the mortgagor's default (*see Zanfini v Chandler*, 79 AD3d 1031, 1032 [2010]; *HSBC Bank USA v Merrill*, 37 AD3d 899, 900 [2007]; *Household Fin. Realty Corp. of N.Y. v Winn*, 19 AD3d 545, 546 [2005]). The burden then shifts to the defendant to demonstrate "the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (*Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]).

Here, the plaintiff met its prima facie burden by submitting the mortgage, note, and evidence of default (*see Swedbank, AB, N.Y. Branch v Hale Ave. Borrower, LLC*, 89 AD3d 922, 923 [2011]; *Zanfini v Chandler*, 79 AD3d at 1032). In opposition, the defendant mortgagor failed to raise a triable issue of fact as to any bona fide defense (*see Citibank, N.A. v Silverman*, 85 AD3d 463, 464-466 [2011]; *Rossrock Fund II, L.P. v Osborne*, 82 AD3d 737 [2011]; *Manufacturers & Traders Trust Co. v Schlosser & Assoc.*, 242 AD2d 943 [1997]; *Massachusetts Mut. Life Ins. Co. v Gramercy Twins Assoc.*, 199 AD2d 214, 216-218 [1993]).

Concomitantly, as the plaintiff contends, based on the language of the mortgage and note, it was entitled to the appointment of a receiver (*see* Real Property Law § 254 [10]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 890, 891 [2010]; *see also Naar v Litwak & Co.*, 260 AD2d 613, 614 [1999]).

The Supreme Court also erred in granting the defendant mortgagor's cross motion for a judgment declaring that the plaintiff is not entitled to any interest, penalties, or fees on the subject note to the extent of declaring that the plaintiff is not entitled to any interest, penalties, or fees on the note from the date of default through March 31, 2011. Since the defendant mortgagor failed to demonstrate any basis for preventing the plaintiff from enforcing the terms of its mortgage, the grant of such relief was not proper (*see IndyMac Bank, F.S.B. v Yano-*

*Horoski*, 78 AD3d 895, 896 [2010]; *see also Levine v Infidelity, Inc.*, 285 AD2d 629, 630 [2001]).

Finally, contrary to the defendant mortgagor's contention, the documents submitted by the plaintiff established that the subject note and mortgage were validly assigned to Wells Fargo Bank, N.A., after the commencement of this action, and that Wells Fargo Bank, N.A., is therefore now the real plaintiff in interest. Under these circumstances, the Supreme Court should have granted the plaintiff's motion to substitute Wells Fargo Bank, N.A., as the plaintiff in this action, and to amend the caption accordingly (*see* CPLR 1018, 3025 [b]; *Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983 [2011]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009]; *East Coast Props. v Galang*, 308 AD2d 431 [2003]). Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur.