Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about February 16, 2012, which, insofar as appealed from, denied plaintiffs motion for summary judgment foreclosing a commercial mortgage and dismissing defendant Sinckler, Inc.’s defenses and affirmative defenses, granted the part of Sinckler’s motion that sought to vacate a prior order appointing a receiver and denied the part that sought summary judgment dismissing the complaint on the ground of standing, unanimously modified, on the law, to grant plaintiffs motion, and to deny the part of Sinckler’s motion that sought to vacate the order appointing a receiver, and otherwise affirmed, without costs.
The record establishes that plaintiff was validly assigned the note and mortgage that is the subject of this foreclosure action (see Bank of N.Y. v Silverberg, 86 AD3d 274, 280-281 [2011]). Although Sinckler asserted a number of defenses and affirmative defenses, its entire argument is premised upon the contention that plaintiff lacks standing to bring this action because the assignment was invalid. Thus, since this argument lacks merit, plaintiff should have been granted summary judgment on its foreclosure claim. We note that Sinckler admits in its papers on appeal that if plaintiff has standing, then there are no triable issues of fact.
The mortgage agreement provides for the appointment of a receiver, in an action to foreclose the mortgage, “as a matter of strict right and without notice to Mortgagor and without regard to the adequacy of the Property for the repayment of the *681 indebtedness secured hereby.” Thus, plaintiff was entitled, “without notice and without regard to adequacy of any security of the debt, to the appointment of a receiver of the rents and profits of the premises covered by the mortgage” (Real Property Law § 254 [10]; see Naar v Litwak & Co., 260 AD2d 613 [1999]). Under the circumstances, vacatur of the order appointing the receiver was not warranted (see Naar, 260 AD2d at 614-615). Concur — Saxe, J.P., Friedman, Renwick, DeGrasse and Richter, JJ.