In an action to foreclose a mortgage, the defendant Paul Lopa appeals from an order of the Supreme Court, Richmond County (Fusco, J.), dated August 6, 2013, which granted the plaintiff’s motion pursuant to CPLR 1018 to substitute nonparty Nationstar Mortgage, LLC, as the plaintiff, and to amend the caption accordingly.
Ordered that the order is affirmed, with costs.
“The determination to substitute or join a party pursuant to CPLR 1018 is within the discretion of the trial court” (Nations-Credit Home Equity Servs. v Anderson, 16 AD3d 563, 564 [2005]; see GRP Loan, LLC v Taylor, 95 AD3d 1172, 1174 [2012]). In support of its motion pursuant to CPLR 1018 to substitute Nationstar Mortgage, LLC (hereinafter Nationstar), as the plaintiff, and to amend the caption accordingly, the plaintiff submitted evidence demonstrating that the subject note, indorsed in blank by the lender, was in Nationstar’s possession, and that the mortgage was assigned to Nationstar af *953 ter the commencement of the action, and that Nationstar is therefore now the real plaintiff in interest (see Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158, 1160 [2012]; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 983-984 [2011]; cf. Nationstar Mtge., LLC v Catizone, 127 AD3d 1151 [2015]).
The parties’ remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its direction in granting the plaintiff’s motion pursuant to CPLR 1018 to substitute Nationstar as the plaintiff, and to amend the caption accordingly. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.