Nechadim Corp. v Simmons (2019 NY Slip Op 03060)





Nechadim Corp. v Simmons


2019 NY Slip Op 03060


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-12835
2017-07127
 (Index No. 612508/15)

[*1]Nechadim Corp., respondent,
v
Davie Simmons, etc., appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Alan J. Wohlberg, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Davie Simmons appeals from (1) an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated October 26, 2016, and (2) an order of the same court dated June 26, 2017. The order dated October 26, 2016, insofar as appealed from, denied that branch of the motion of the defendant Davie Simmons which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for failure to comply with RPAPL 1304. The order dated June 26, 2017, granted the plaintiff's cross motion for the appointment of a receiver for the rents and profits of the mortgaged premises.
ORDERED that the order dated October 26, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated June 26, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The underlying facts for this action may be found in our decision in the related appeal decided herewith (see Simmons v Reich, ___ AD3d ___ [decided herewith]).
In 2015, the plaintiff Nechadim Corp. commenced this action against, among others, the defendant Davie Simmons (hereinafter the defendant) to foreclose certain mortgages it had been granted by the defendant. Thereafter, the defendant filed a pre-answer motion, inter alia, pursuant to CPLR 3211(a), to dismiss the complaint insofar as asserted against him on various grounds, including, as relevant here, the plaintiff's failure to serve a 90-day notice pursuant to RPAPL 1304. The plaintiff opposed the motion and cross-moved to appoint a receiver for the rents and profits of the mortgaged premises. By order dated October 26, 2016, the Supreme Court denied the defendant's motion to dismiss the complaint insofar as asserted against him, as well as the plaintiff's cross motion for the appointment of a receiver. By order dated June 26, 2017, upon further evidentiary submissions, the Supreme Court granted the plaintiff's cross motion and appointed a [*2]receiver for the rents and profits of the mortgaged premises. The defendant appeals.
We agree with the Supreme Court's determination denying that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him for the plaintiff's failure to comply with RPAPL 1304. RPAPL 1304 is a statutory provision requiring strict notice compliance to borrowers in connection with home loans (see RPAPL 1304[1]). Here, contrary to the defendant's contention, his submissions in support of his pre-answer motion to dismiss the complaint failed to establish, prima facie, that the subject mortgage loans were "[h]ome loan[s]" (RPAPL 1304[6][a][ii], [iii]; see Flushing Sav. Bank v Latham, 139 AD3d 663, 665), and, thus, whether the plaintiff was required to comply with that statute.
Furthermore, the Supreme Court providently exercised its discretion in granting the plaintiff's cross motion to appoint a receiver for the rents and profits of the mortgaged premises, as each of the subject mortgages provide for such an appointment upon the mortgagor's default (see Real Property Law § 254[10]; ADHY Advisors LLC v 530 W. 152nd St. LLC, 82 AD3d 619, 619; Essex v Newman, 220 AD2d 639, 640). Although a court of equity may exercise its discretion to deny an application for the appointment of a receiver (see Essex v Newman, 220 AD2d at 640; 366 Fourth St. Corp. v Foxfire Enters., 149 AD2d 692, 692), the defendant failed to show that denial was appropriate here.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court