Shaw Funding, LP v Bennett (2020 NY Slip Op 03936)





Shaw Funding, LP v Bennett


2020 NY Slip Op 03936


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-14724
 (Index No. 705449/16)

[*1]Shaw Funding, LP, respondent,
v
Archibald Bennett, appellant, et al., defendants.


The Yitzhak Law Group, Great Neck, NY (Lavinia A. Acaru of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Megan K. McNamara of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Archibald Bennett appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered November 9, 2018. The order granted the plaintiff's motion to appoint a receiver for the rents and profits of the mortgaged premises.
ORDERED that the order is affirmed, with costs.
On September 6, 2007, the defendants Archibald Bennett and Lorna Spence (hereinafter together the borrowers) executed a note in favor of the defendant David A. Cantor and Barry H. Levites, promising to repay a loan in the amount of $350,000 (hereinafter the 2007 note). The 2007 note was secured by a mortgage, signed only by Spence, encumbering certain real property located in Queens. Thereafter, on May 15, 2009, the borrowers executed a note in favor of the plaintiff in the amount of $500,000 (hereinafter the 2009 note). That same date, the borrowers executed a consolidation and extension agreement (hereinafter the CEA), pursuant to which the 2007 note and a loan made by the plaintiff to the borrowers in the principal sum of $150,000 were consolidated into a single debt, as evidenced by the 2009 note in the principal sum of $500,000. The CEA further provided that the mortgage executed by Spence securing the 2007 note "shall hereafter constitute a valid first Mortgage" securing the principal sum of $500,000. The borrowers also executed a rider to the CEA, in which the parties agreed that, upon the borrowers' default, the plaintiff may "cause a receiver of the rents and profits of the Mortgaged Property to be appointed without notice to [the borrowers]."
In May 2016, the plaintiff commenced this mortgage foreclosure action against, among others, the borrowers, alleging that the borrowers had defaulted on the payment obligations under the 2009 note. The plaintiff subsequently moved to appoint a receiver for the rents and profits of the mortgaged premises. Bennett opposed the motion. In an order entered November 9, 2018, the Supreme Court granted the plaintiff's motion and appointed a receiver for the rents and profits of the mortgaged premises. Bennett appeals.
Contrary to Bennett's contention, the Supreme Court providently exercised its [*2]discretion in granting the plaintiff's motion to appoint a receiver for the rents and profits of the mortgaged premises, as the rider to the CEA provided for such an appointment upon the borrowers' default (see Real Property Law § 254[10]; Nechadim Corp. v Simmons, 171 AD3d 1195, 1197; CSFB 2004-C3 Bronx Apts LLC v Sinckler, Inc., 96 AD3d 680, 680-681; Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158, 1159; Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 889-890). Although a court of equity may exercise its discretion to deny an application for the appointment of a receiver (see ADHY Advisors LLC v 530 W. 152nd St. LLC, 82 AD3d 619, 619; Essex v Newman, 220 AD2d 639, 640; 366 Fourth St. Corp. v Foxfire Enters., 149 AD2d 692, 692), Bennett failed to show that denial was appropriate here (see GEMC 2007-C1 Ditmars Lodging, LLC v Mohola, LLC, 84 AD3d 1311, 1312). Furthermore, contrary to Bennett's contention, inasmuch as the plaintiff did not seek the appointment of a receiver pursuant to CPLR 6401, that statute is inapplicable to this case.
Accordingly, we decline to disturb the Supreme Court's determination to grant the plaintiff's motion to appoint a receiver for the rents and profits of the mortgaged premises.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court