JPMorgan Chase Bank, N.A. v Joseph (2021 NY Slip Op 02140)





JPMorgan Chase Bank, N.A. v Joseph


2021 NY Slip Op 02140


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-12040
2021-01662
 (Index No. 6139/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Enid Joseph, et al., defendants, Joseph Family Enterprise, Inc., et al., appellants. Avinoam Rosenfeld, Lawrence, NY, for appellants.


Parker Ibrahim & Berg LLP, New York, NY (Diane C. Ragosa of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Family Enterprise, Inc., and LP Management Services Corp. appeal from two orders of the Supreme Court, Kings County (Mark Partnow, J.), both dated September 11, 2017. The first order granted the plaintiff's motion for the appointment of a rent receiver. The second order, insofar as appealed from, denied those defendants' cross motion to dismiss the complaint insofar as asserted against them on the grounds that the plaintiff lacked standing and that the plaintiff failed to comply with conditions precedent to commencing a foreclosure action.
ORDERED that the first order date September 11, 2017, is affirmed; and it is further,
ORDERED that the second order dated September11, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
By deed dated August 24, 2006, title to certain real property located in Brooklyn (hereinafter the subject property) was transferred from nonparty Pamela A. Joseph (hereinafter Pamela) to the defendant Joseph Family Enterprise, Inc. (hereinafter Enterprise). Thereafter, on May 22, 2007, the defendant Enid Joseph (hereinafter Enid) executed a note in the principal sum of $450,000, with a negative amortization of $495,000, in favor of nonparty Washington Mutual Bank, FA (hereinafter WaMu). The note was secured by a mortgage on the subject property which was signed by Enid on behalf of Enterprise. A family rider to the mortgage stated that if WaMu issued a notice of default, "[l]ender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security."
Enid died on June 25, 2012. Subsequently, by deed dated October 25, 2012, Pamela, on behalf of Enterprise, transferred title to the subject property to the defendant LP Management Services Corp. (hereinafter LP).
On April 3, 2013, the plaintiff, WaMu's successor in interest, commenced this foreclosure action against Enid, Enterprise, and LP, among others. On October 21, 2016, after issue was joined, the plaintiff moved for the appointment of a temporary rent receiver. Enterprise and LP (hereinafter together the defendants) cross-moved, inter alia, to dismiss the complaint insofar as asserted against them on the grounds that the plaintiff had failed to (1) establish standing, (2) comply with RPAPL 1304, and (3) comply with the notice-of-default provision in the mortgage. In opposition to the cross motion, the plaintiff submitted the affidavit of Joseph G. Devine, Jr., its authorized signer, who stated that RPAPL 1304 notices were mailed to Enid and Enterprise at the address for the subject property and Enid's last known address on June 22, 2012. Devine further stated in his affidavit that a notice of default in accordance with the terms of the mortgage, dated March 23, 2009, was sent to Enid "at the property address and at the Borrower's last known mailing address." Devine also stated that he was familiar with the plaintiff's records and record-keeping practices, and that the records showed that the plaintiff came into possession of the original note on July 20, 2009. He attached a copy of the note endorsed in blank by WaMu.
In an order dated September 11, 2017, the Supreme Court, among other things, granted the plaintiff's motion for the appointment of a rent receiver. In a second order, also dated September 11, 2017, the court, inter alia, denied the defendants' cross motion to dismiss the complaint insofar as asserted against them. The defendants appeal.
The Supreme Court properly granted the plaintiff's motion for the appointment of a rent receiver. The plaintiff established that it was contractually entitled to such an appointment (see Real Property Law § 254[10]; Naar v Litwak & Co., 260 AD2d 613, 614).
The Supreme Court properly denied the defendants' cross motion to dismiss the complaint insofar as asserted against them on the grounds that the plaintiff lacked standing and failed to comply with conditions precedent to commencing a foreclosure action. On a motion to dismiss a complaint for lack of standing or for failure to comply with conditions precedent to commencing a foreclosure action, a defendant has the burden of establishing the plaintiff's lack of standing or failure to comply with conditions precedent as a matter of law (see Ditech Fin., LLC v Rapuzzi, 187AD3d 715; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 24). Here, the defendants failed to meet their burden in this regard. In any event, the evidence submitted by the plaintiff was sufficient to demonstrate as a matter of law that the plaintiff had standing and complied with RPAPL 1304 and the notice-of-default provision in the mortgage.
A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Services, LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "[A]n assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery" (Bank of N.Y. v Silverberg, 86 AD3d 274, 280; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362). An affidavit from a loan servicer may be used to establish standing (see U.S. Bank N.A. v Godwin, 137 AD3d 1260, 1261-1262). Here, the evidence submitted by the plaintiff established that it had possession of the note, which had been endorsed in blank, at the time the action was commenced (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). In this regard, the plaintiff submitted the affidavit of Devine, who stated that certain business records, which were maintained by the plaintiff and attached to his affidavit, demonstrated that the plaintiff was in possession of the original note endorsed in blank since July 20, 2009, a date prior to the commencement of this action (see Bank of Am., N.A. v Tobing, 163 AD3d 518, 519-520; U.S. Bank, N.A. v Cardenas, 160 AD3d 784, 785).
RPAPL 1304 provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20). Here, contrary to the defendants' contention, the plaintiff demonstrated, prima facie, that it complied with the 90-day notice requirement of RPAPL 1304 (see HSBC Bank USA, [*2]N.A. v Bermudez, 175 AD3d 667, 670). Devine's affidavit demonstrated that RPAPL 1304 notices were mailed to Enid on June 22, 2012, prior to her death, and to Enterprise on that same day.
Moreover, the evidence submitted by the plaintiff established that it had complied with the notice-of-default provision in the mortgage itself. The defendants' argument that the notice to Enterprise was sent to the wrong address is without merit. Paragraph 15 of the mortgage states that "[t]he notice address is the address of the Property unless I give notice to Lender of a different address." Thus, by demonstrating that it sent the notice to the property address, the plaintiff established that it complied with the notice-of-default provision in the mortgage.
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court