US Bank, N.A. v Rufai (2022 NY Slip Op 00690)





US Bank, N.A. v Rufai


2022 NY Slip Op 00690


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2020-03163
2020-03164
 (Index No. 503008/15)

[*1]US Bank, National Association, etc., respondent,
v
Alaba Rufai, appellant, et al., defendants.


Alaba Rufai, Jamaica, NY, appellant pro se.
Friedman Vartolo LLP, New York, NY (Oran Schwager and Ronald P. Labeck of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alaba Rufai appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated November 4, 2019. The first order dated November 4, 2019, granted the plaintiff's motion to appoint a receiver for the rents and profits of the mortgaged property and denied the cross motion of the defendant Alaba Rufai, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue his prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, which had been denied in an order of the same court dated October 26, 2016, and his prior cross motion for summary judgment dismissing the complaint insofar as asserted against him, which had been denied in an order of the same court dated February 5, 2018, and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and its counsel. The second order dated November 4, 2019, upon the granting of the plaintiff's motion to appoint a receiver for the rents and profits of the mortgaged property, appointed a receiver for the rents and profits of the mortgaged property.
ORDERED that the appeal from so much of the first order dated November 4, 2019, as denied that branch of the cross motion of the defendant Alaba Rufai which was denominated as one for leave to renew, but was, in actuality, one for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the first order dated November 4, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that the second order dated November 4, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In December 2006, the defendant Alaba Rufai (hereinafter the defendant) borrowed the sum of $335,808 from a predecessor in interest of the plaintiff. The loan was evidenced by a note and secured by a mortgage encumbering certain property located in Brooklyn. The defendant allegedly defaulted on the loan by failing to make the payment due on August 1, 2007.
In March 2015, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant interposed an answer asserting various affirmative defenses, including lack of standing and the statute of limitations, and counterclaims seeking, among other things, to cancel and discharge of record the mortgage.
In June 2015, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the grounds, inter alia, of lack of personal jurisdiction, the statute of limitations, collateral estoppel, and lack of standing. In an order dated October 26, 2016, the Supreme Court denied the defendant's motion.
In August 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and dismiss his counterclaims, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the same grounds as those asserted in his June 2015 motion to dismiss. In an order dated February 5, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendant's cross motion.
In May 2019, the plaintiff moved to appoint a receiver for the rents and profits of the mortgaged property. The defendant made a cross motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue his prior motion to dismiss the complaint insofar as asserted against him and his prior cross motion for summary judgment dismissing the complaint insofar as asserted against him, and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and its counsel. In an order dated November 4, 2019, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In a second order dated November 4, 2019, the court appointed a receiver for the rents and profits of the mortgaged property. The defendant appeals.
The appeal from so much of the first order dated November 4, 2019, as denied that branch of the defendant's cross motion which was denominated as one for leave to renew must be dismissed, as that branch of the cross motion was, in actuality, one for leave to reargue, the denial of which is not appealable (see HSBC Bank USA, N.A. v Janvier, 187 AD3d 999, 999).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to appoint a receiver for the rents and profits of the mortgaged property, as the mortgage provided for such an appointment upon the borrowers' default (see Real Property Law § 254[10]; Nechadim Corp. v Simmons, 171 AD3d 1195, 1197; CSFB 2004-C3 Bronx Apts LLC v Sinckler, Inc., 96 AD3d 680, 680-681; Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158, 1159; Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 889-890). Although a court of equity may exercise its discretion to deny an application for the appointment of a receiver (see ADHY Advisors LLC v 530 W. 152nd St. LLC, 82 AD3d 619, 619; Essex v Newman, 220 AD2d 639, 640; 366 Fourth St. Corp. v Foxfire Enters., 149 AD2d 692, 692), the defendant failed to show that denial was appropriate here (see GEMC 2007-C1 Ditmars Lodging, LLC v Mohola, LLC, 84 AD3d 1311, 1312).
The defendant's remaining contentions are without merit.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court