SKW Hillside Bleecker Lender, LLC v 145 Bleecker LLC (2023 NY Slip Op 03295)

SKW Hillside Bleecker Lender, LLC v 145 Bleecker LLC

2023 NY Slip Op 03295

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 850075/22 Appeal No. 487-488 Case No. 2022-05382, 2023-00791 

[*1]SKW Hillside Bleecker Lender, LLC, Plaintiff-Respondent,
v
145 Bleecker LLC, et al., Defendants-Appellants, McDonald's Corporation et al., Defendants. 

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Greg S. Zucker of counsel), for Homes and More LLC and Albert Rabizadeh, appellants.
Moritt Hock & Hamroff LLP, Garden City (Robert M. Tils of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Khan III, J.), entered on or about October 7, 2022, which granted plaintiff's motion for the appointment of a receiver, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 8, 2023, which, to the extent appealed from as limited by the briefs, upon reargument, adhered to its original determination, unanimously dismissed, without costs, as academic.
The court providently exercised its discretion in granting the appointment of a receiver during the instant mortgage foreclosure of the premises at 145 Bleecker Street, New York, New York and 87-36 Avon Street, Queens, New York. Under Section 2.2(a)(viii) of the mortgage instruments at issue, in the event of default, plaintiff may apply for the appointment of a receiver, without notice and without regard for adequacy of the security for the debt, and without requirement that plaintiff demonstrate more than what is required by Real Property Law § 254 (10) (see CSFB 2004-C3 Bronx Apts LLC v Sinckler, Inc., 96 AD3d 680, 68-681 [1st Dept 2012]; Ridgewood Sav. Bank v New Line Realty VI Corp., 24 Misc 3d 1227[A] *2-*3 [Sup Ct, Bronx County 2009]).
Contrary to defendants' argument, plaintiff did not waive its right to foreclose under the mortgages (see 800 Third Ave. Assoc., LLC v Roadrunner Capital Partners LLC, 214 AD3d 429, 429 [1st Dept 2023]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023