**Column Fin., Inc. v 522 Fifth Off. LLC**

2024 NY Slip Op 34291(U)

December 4, 2024

Supreme Court, New York County

Docket Number: Index No. 652829/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------------X

COLUMN FINANCIAL, INC.,

|  |  |  |
|---|---|---|
| **INDEX NO.** | | 652829/2024 |
| **MOTION DATE** | | 09/27/2024 |
| **MOTION SEQ. NO.** | | 001 |

Plaintiff,

- v -

522 FIFTH OFFICE LLC, MICHAEL FUCHS, ABY ROSEN,

Defendants.

**DECISION + ORDER ON MOTION**

------------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34

were read on this motion to                                    ADD PARTIES                                    .

Proposed new plaintiff, Green Loan Services LLC ("New Plaintiff") moves for an Order:

(1) pursuant to CPLR 1018 directing substitution of New Plaintiff as plaintiff in this action in

place and stead of Column Financial LLC ("Original Plaintiff"); (2) directing amendment of the

caption; and (3) granting such other and further relief as this Court may deem just and proper.

No parties have opposed this motion.

As relevant here, Original Plaintiff commenced this commercial foreclosure action on

June 4, 2022 by filing the Complaint against 522 Fifth Office LLC ("Borrower"), Michael Fuchs

("Fuchs"), and Aby Rosen ("Rosen" and together with Fuchs, "Guarantor").  The Complaint

seeks to foreclose a $224,000,000.00 mortgage loan (the "Loan") made to Borrower. According

to the Complaint, the Loan was evidenced by three Promissory Notes (the "Notes") in the

amounts of $55,500,000.00, $68,500,000.00 and $100,000,000.00, respectively (NYSCEF 7, 8,

9).  The Loan was secured by a Mortgage, Assignment of Leases and Rents, Security Agreement

[* 1]

and Fixture Filing, dated August 27, 2020 (the "Mortgage"), that encumbered Office Units 1-9 in the 522 Fifth Avenue Condominium located at 522 Fifth Avenue, New York, New York (Block 1259 Lots 1103-1111) (NYSCEF 2). The Guarantors each provided a Limited Recourse Guaranty in connection with the Loan (*see* NYSCEF 13).

Original Plaintiff commenced this action in its capacity as the administrative agent for the benefit of itself and the other lenders on the Loan (NYSCEF 1 ¶ 3).

On or about July 9, 2024, during the pendency of this action, the Original Plaintiff assigned one of the Notes to UBS AG, New York Branch ("UBS"). Then, on August 20, 2024, 522 Fifth Avenue Lender LLC ("Loan Purchaser"), an affiliate of New Plaintiff, purchased USB's interest in the Loan, one of the notes and UBS's interest in the mortgage. This loan purchase was evidenced, in part, by an allonge from UBS to the Note Purchaser and an Assignment and Assumption Agreement (NYSCEF 31, 32).

Thereafter, the lenders under the loan agreement appointed New Plaintiff as the successor agent to the Lenders. Borrower and Guarantors have acknowledged New Plaintiff's appointment as successor Agent (NYSCEF 33).

### DISCUSSION

CPLR 1018 provides that "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." CPLR 1021 provides that a "motion for substitution may be made by the successors or representatives of a party or by any party."

"The determination to substitute or join a party pursuant to CPLR 1018 is within the discretion of the trial court" (*Aurora Loan Services, LLC v Lopa*, 130 AD3d 952 [2d Dept 2015]). Here, New Plaintiff submitted evidence demonstrating that one of the Notes was in

[* 2]

possession of the Note Purchaser at the time of this motion and that New Plaintiff had been given authority to prosecute this action on behalf of the Lender, and thus New Plaintiff is now the real plaintiff in interest (*see id.* [affirming substitution of assignee of note and mortgage as plaintiff in mortgage foreclosure action]; *Citibank, N.A. v Van Brunt Properties, LLC*, 95 AD3d 1158, 1160 [2d Dept 2012] [holding that the court should have granted the plaintiff's motion to substitute Wells Fargo Bank, N.A., as plaintiff "established that the subject note and mortgage were validly assigned to Wells Fargo Bank, N.A., after the commencement of this action, and that Wells Fargo Bank, N.A., is therefore now the real plaintiff in interest"]).

Accordingly, it is

**ORDERED** that the proposed new plaintiff, Green Loan Services LLC's ("New Plaintiff") motion is **GRANTED**, and New Plaintiff shall be substituted as plaintiff herein in place of Original Plaintiff and that the caption be amended as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
GREEN LOAN SERVICES LLC,

                                   Plaintiff,

                                                        Index No.: 652829/2024

                    -against-

522 FIFTH OFFICE LLC, MICHAEL FUCHS and
ABY ROSEN

                                   Defendants.
-----------------------------------------------------------------------x

**IT IS FURTHER ORDERED** that counsel for plaintiff shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to amend their records to reflect such change in the caption herein; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)]; it is further

**ORDERED** that Plaintiff shall serve a copy of this Order with Notice of Entry upon Defendants within five (5) days of the date of this Order; and it is further

**ORDERED** that within ten (10) days of the date of this Order, New Plaintiff shall file a letter on NYSCEF advising the Court of the status of this action.

This constitutes the Decision and Order of the Court.

20241204101414JMCOHEN5E4A27A86428430198A76603B400063C

_____
**12/4/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]