**Orange Owner, LLC v M & E 336-348 E. 18th St., LLC**

2026 NY Slip Op 30874(U)

March 6, 2026

Supreme Court, New York County

Docket Number: Index No. 850527/2025

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. FRANCIS A. KAHN, III**

                                                            *Justice*

----------------------------------------------------------------X

ORANGE OWNER, LLC,

                                        Plaintiff,

                     - v -

M & E 336-348 E. 18TH ST., LLC, STEVEN CROMAN, DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, EDWARD CROMAN, EDWARD L. CROMAN REVOCABLE TRUST-S, NYC BUREAU OF HIGHWAY OPERATIONS, NYC DEPARTMENT OF TRANSPORTATION, JOHN DOE

                                        Defendant.

----------------------------------------------------------------X

| | |
|---|---|
| PART | 32 |
| INDEX NO. | 850527/2025 |
| MOTION DATE | 01/27/2026 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion to/for        APPOINT - FIDUCIARY        .

Upon the foregoing documents, the motion is determined as follows:

In this action, Plaintiff seeks to foreclose on a CEMA Mortgage, dated January 21, 2016, encumbering a parcel of improved real property located at 336/338 East 18th Street, New York, New York. Plaintiff commenced this action wherein it is alleged Defendants defaulted in repayment of the note. Now, Plaintiff moves pursuant to RPL §254[10] and RPAPL §1325[1] for the appointment of a temporary receiver of the rents of the mortgaged premises. Mortgagor and Guarantor Defendants oppose the motion.

Under Real Property Law §254[10], the appointment of a receiver in the event of a default is proper where the parties to the mortgage agree to same even without notice or without regard to the sufficiency of security (*see ADHY Advisors LLC. v 530 W. 152nd St. LLC*, 82 AD3d 619 [1st Dept 2011]; *366 Fourth St. Corp. v Foxfire Enters.*, 149 AD2d 692 [2nd Dept 1989]). Despite the parties' assent, the appointment is not perfunctory and the Court, in the exercise of its equitable power, retains the discretion to deny the appointment of a receiver (*see ADHY Advisors LLC. v 530 W. 152nd St. LLC*, supra; *Nechadim Corp. v Simmons*, 171 AD3d 1195, 1197 [2d Dept 2019]).

Section 13.1 of the mortgage provides, in pertinent part, as follows:

(9) Receiver or Possession. (a) Lender shall be entitled, as a matter of strict right, without notice to any Person and ex parte, and without regard to the value, condition or occupancy of the security or of the Property, or the solvency of Borrower or of any Guarantor or Indemnitor, or the adequacy of the Property as security for the Note, to have

850527/2025  ORANGE OWNER, LLC vs. M & E 336-348 E. 18TH ST., LLC ET AL
Motion No.  001

Page 1 of 5

[* 1]

a receiver appointed to enter upon and take possession of the Property, collect the Rents and apply the same in accordance with the terms of this Mortgage, such receiver to have all the rights and powers permitted under the Laws of the jurisdiction in which the Property is located. Borrower hereby waives any requirements on the receiver or Lender to post any surety or other bond. Lender or the receiver may also take possession of, and for these purposes use, any and all Personal Property which is a part of the Property and used by Borrower in the rental or leasing of all or any part of the Property. Borrower is liable for repayment of all of the expenses of any such receiver (including, without limitation, the receiver's fees, counsel fees, costs and agent's compensation) incurred pursuant to the powers herein contained. Lender shall apply such Rents received by it in accordance with the terms of this Mortgage. The right to enter and take possession of the Property, to manage and operate the same, and to collect the Rents, whether by receiver or otherwise, shall be cumulative to any other right or remedy hereunder or afforded by Law, and may be exercised concurrently therewith or independently thereof. Lender shall be liable to account only for such Rents actually received by Lender.

In the present case, it is undisputed that the parties' mortgage provides that Plaintiff may apply for the appointment of a receiver and Plaintiff pled that Defendants, *inter alia*, defaulted in repayment of the indebtedness, a default event under the loan documents. Accordingly, Plaintiff established its entitlement to the appointment of a receiver of the mortgaged premises (*see eg SKW Hillside Bleeker Lender LLC v 145 Bleeker LLC*, 217 AD3d 536 [1st Dept 2023]; *CSFB 2004-C3 Bronx Apts LLC v Sinckler, Inc.*, 96 AD3d 680 [1st Dept 2012]). In opposition, Defendants have not demonstrated that denial of the appointment of a receiver is an appropriate exercise of the Court's discretion (*see id.*; *US Bank, N.A. v Rufai*, 202 AD3d 719, 721 [2d Dept 2022]; *Shaw Funding, LP v Bennett*, 185 AD3d 857, 858 [2nd Dept 2020]).

In opposition, Defendants have not demonstrated that denial of the appointment of a receiver is an appropriate exercise of the Court's discretion (*see id.*; *US Bank, N.A. v Rufai*, 202 AD3d 719, 721 [2d Dept 2022]; *Shaw Funding, LP v Bennett*, 185 AD3d 857, 858 [2nd Dept 2020]). To the extent Defendants' opposition is based on cases where appointment of a receiver was sought pursuant to CPLR §6401 it is unavailing (*see eg Groh v Halloran*, 86 AD2d 30 [1st Dept 1982]). The Appellate Division cases are clear that where, as here, the mortgage contains a provision that a lender may apply for a receiver, the mortgagor may seek such relief "'regardless of proving the necessity for the appointment'" (*see GECMC 2007-C1 Ditmars Lodging, LLC v Mohola, LLC*, 84 AD3d 1311, 1312 [2d Dept 2011], *citing Naar v. I.J. Litwak & Co.*, 260 AD2d 613 [2d Dept 1999]; *see also SKW Hillside Bleeker Lender LLC v 145 Bleeker LLC*, supra).

The argument that Plaintiff's affidavit of Gerson Monzon, the Senior Vice President of Bellwether Management LLC, the alleged servicer for and an authorized signatory of plaintiff, is insufficient to support this motion fails. This is neither a motion for a default judgment nor for summary judgment which are authorized by statutes that contain express evidentiary requisites (*see* CPLR §§3212[b] and 3215[f]). No similar provision is contained in either RPL §254[10] or RPAPL §1325[1] (*see SKW Hillside Bleecker Lender, LLC v 145 Bleecker LLC*, supra at 537). Indeed, "[c]ases hold that a receiver may be appointed so long as an action has been commenced" (*HSBC Bank USA, N.A. v Rubin*, 210 AD3d 73, 83 [2d Dept 2022]). The claim that presently unpled defenses and other purported deficiencies in its action defeats this motion is without merit. A plaintiff "may apply for the appointment of a receiver, without notice and without regard for adequacy of the security for the debt, and *without requirement that plaintiff demonstrate more than what is required by Real Property Law §*

850527/2025 ORANGE OWNER, LLC vs. M & E 336-348 E. 18TH ST., LLC ET AL
Motion No. 001

Page 2 of 5

[* 2]

2 of 5

*254(10)" (SKW Hillside Bleecker Lender, LLC v 145 Bleecker LLC*, 217 AD3d 536, 537 [1st Dept 2023][emphasis added]).

Accordingly, it is

ORDERED that the motion for the appointment of a Temporary Receiver is granted; and it is further

ORDERED that **Kenneth Dillon (Fiduciary No. 107305)** is hereby appointed with the usual powers and directions of a Temporary Receiver for the benefit of Plaintiff of all the rents and profits now due and unpaid or become due during the pendency of this action and issuing out the mortgaged property mentioned located at 336/338 East 18th Street, New York, New York; and it is further

ORDERED that the Temporary Receiver is authorized to take charge and enter into possession of the property; and it is further

ORDERED that before entering her/his duties, the Temporary Receiver shall be sown to fairly and faithfully discharge the duties committed to him and shall execute to the People of the State of New York and file with the Clerk of the Court an undertaking in the sum of **$290,000.00** conditioned for the faithful discharge of the duties of Temporary Receiver; and it is further

ORDERED that the Temporary Receiver is hereby directed to demand, collect and receive from the occupants, tenants and licensees in possession of said premises, or other persons liable therefor, inclusive of the mortgagor, all the rents and license fees thereof now due or unpaid or hereafter that become fixed or due and the Temporary Receiver is authorized to institute and carry on all legal proceedings necessary for the protection of said premises or to recover possession of the whole, or any part thereof, and apply to this Court to fix reasonable rental value and license fee value and to compel the tenants and occupants to attorn to the Temporary Receiver; and it is further

ORDERED that the Temporary Receiver may institute and prosecute suits for the collection of rent, license fees and other charges now due or hereafter to become due and fixed, and summary proceedings for the removal of any tenants or licensees or other persons therefrom; and it is further

ORDERED that pursuant to the General Obligation Law section 7-105, anybody holding any deposits or advances of rental as security under any lease or license agreement affecting space in the premises affected by this action shall turn same over to said Temporary Receiver within five (5) days after said Temporary Receiver shall be qualified; and thereupon the said Temporary Receiver shall hold such security subject to such disposition thereof as shall be provided in an Order of the Court to be made and entered in this action; and it is further

ORDERED that anybody in possession of same shall turn over to said Temporary Receiver all rent lists, orders, unexpired and expired leases, agreements, correspondence, notices and registration statements relating to rental spaces or facilities in the premises; and it is further

ORDERED that notwithstanding anything to the contrary contained in this order, the Temporary Receiver shall not, without the further, prior order of this Court, upon prior notice to the plaintiff, make improvements or substantial repairs to the property at a cost in excess of $5,000.00, *except* that in an emergency, if funds need to be expended in excess of $5,000.00 or would otherwise

850527/2025  ORANGE OWNER, LLC vs. M & E 336-348 E. 18TH ST., LLC ET AL                    Page 3 of 5
Motion No.  001

3 of 5

[* 3]

require Court intervention, no Court approval will be necessary if counsel for plaintiff agrees in writing that the receiver may make such disbursement; and it is further

ORDERED that the Temporary Receiver shall deposit all monies received by her/him into any FDIC-insured bank where she has an account for this purpose and such account shall show the name of this action and the Temporary Receiver shall furnish plaintiff's attorneys with monthly statements of the receipts and expenditures of the Receivership together with a photocopy of the monthly statements received from said depository and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Temporary Receiver; and it is further

ORDERED that the Temporary Receiver is authorized from time to time to rent and lease any part of the premises for terms not exceeding five (5) years or such longer terms as may be required by applicable laws or regulations; to keep the premises insured against loss by damage or fire; to pay the taxes, assessments, water rates, sewer rates, vault rents, salaries of employees, supplies and other charges; to comply with all lawful requirements of any municipal department or other authority of the municipality in which the mortgaged premises are situated and to procure such fire, liability and other insurance as may be reasonably necessary; and it is further

ORDERED, that the tenants, licensees or other persons in possession of said premises attorn to the Temporary Receiver and pay over to the Temporary Receiver all rents, license fees, and other charges of such premises now due and unpaid or that may hereafter become due; and that the defendants be enjoined and restrained from collecting the rents, license fees and other charges of said premises from interfering in any manner with the property or its possession; and from transferring, removing or in any way disturbing and of the occupants or employees; and that all tenants, occupants, employees and licensees of the premises and other persons liable for the rents be and hereby are enjoined and restrained from paying any rent or license fees or other charges for such premises to the defendants, their agents, servants or attorneys; and it is further

ORDERED that the Temporary Receiver is prohibited from incurring obligations in excess of the monies in her hands without further Order of this Court or written consent of Plaintiff's attorney and Plaintiff may advance money, which can be recouped in this litigation; and it is further

ORDERED that the Owner turn over to the Temporary Receiver all rents collected from and after the date of this Order; and it is further

ORDERED that all persons now and hereafter in possession of said premises, or any part thereof, and not holding such possession under valid and existing leases or tendencies, do forthwith surrender such possession to the Temporary Receiver, subject to emergency laws, if any, and it is further

ORDERED that the Temporary Receiver after paying the expenses of the management and care of the said premises as above provided retain the balance of the monies which may come into his hands until the sale of the said premises under the judgment to be entered in this action and/or until further Order of this Court, and it is further

ORDERED that the Temporary Receiver, or any party hereto, may at any time, on proper notice to all parties who have appeared in this action, apply to the Court for further and other instructions or powers necessary to enable the Temporary Receiver to properly fulfill her duties or for interim fee payments; and it is further

850527/2025   ORANGE OWNER, LLC vs. M & E 336-348 E. 18TH ST., LLC ET AL
Motion No. 001

Page 4 of 5

ORDERED that the appointed named herein shall comply with Section 35a of the Judiciary Law, Sections 6401-6404 of the CPLR, Section 1325 of RPAPL and Rule 36 of the Chief Judge; and it is further

ORDERED that notwithstanding any other provision of this order, the Temporary Receiver shall not appoint an attorney, managing agent, appraiser, auctioneer or accountant without prior order of this Court, and that the receiver shall apply to the court and file a separate application for appointment of a managing agent, attorney or other managing services pursuant to 36.1 of the Uniform Court Rules.

|  |  |  |
|---|---|---|
| **3/6/2026** | | FRANCIS A. KAHN, III, A.J.S.C. |
| **DATE** | | HON. FRANCIS A. KAHN III J.S.C. |

| CHECK ONE: | | | CASE DISPOSED | | | [X] NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | [X] | GRANTED | | [ ] DENIED | | GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] | INCLUDES TRANSFER/REASSIGN | | | [X] | FIDUCIARY APPOINTMENT | [ ] REFERENCE |

850527/2025 ORANGE OWNER, LLC vs. M & E 336-348 E. 18TH ST., LLC ET AL
Motion No. 001

Page 5 of 5

5 of 5

[* 5]